SADIE M. LIVINGSTON *vs.* FRIEND BROS. INC. January 31, 1939. Order of Appellate Division affirmed. The Appellate Division was right in ruling that prejudicial error was committed by the trial judge in refusing to rule as requested by the defendant that there "is no evidence of negligence on the part of the defendant's agents or servants." There was evidence that the plaintiff, a customer in the defendant's store, on a rainy day slipped on some mud or grease on the floor, which was wet. The fact that the floor was wet did not warrant a finding of negligence. *Bornstein* v. *R. H. White Co.* 259 Mass. 34. *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129. And a finding was not warranted that the defendant before the accident knew of the presence of the mud or grease on the floor, or that such mud or grease had been there for such a length of time that the defendant, in the exercise of reasonable care for the safety of its customers, should have known of its presence and removed it. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19. See also *Norton* v. *Hudner*, 213 Mass. 257; *O'Brien* v. *Boston Elevated Railway*, 250 Mass. 192; *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524; *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489; *Manning* v. *Smith*, 299 Mass. 318. The evidence in this respect falls short of that in *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12, *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, *Manell* v. *Checker Taxi Co.* 284 Mass. 151, *Trottier* v. *Neisner*

*Brothers, Inc.* 284 Mass. 336, and *Paull* v. *Radlo,* 293 Mass. 521. Judgment for the defendant was ordered rightly. G. L. (Ter. Ed.) c. 231, §§ 110, 124. *Andrade* v. *Hanley,* 289 Mass. 335, 337.

  *E. Martin,* for the defendant, submitted a brief.

  *J. L. Shea,* for the plaintiff.