FRANCES PERRY DAWSON v. CAROLINA POWER & LIGHT COMPANY.

(Filed 24 November, 1965.)

**1. Negligence § 37a—**
 A person entering a business establishment for the purpose of paying a bill is an invitee.

**2. Negligence § 37b—**
 A proprietor is not an insurer of the safety of his invitees but is under duty to exercise ordinary care to keep his premises within the compass of the invitation in reasonably safe condition and to give warning of hidden dangers or unsafe conditions of which the proprietor knows or in the exercise of reasonable supervision and inspection should know.

**3. Negligence § 37f—**
 Evidence tending to show that plaintiff invitee, after paying her bill, slipped on a little mud or a little bit of water just inside the door of the office, without evidence that the proprietor had created such condition or that the condition had existed for a sufficient length of time to give the proprietor notice thereof, *is held* insufficient to overrule nonsuit.

**4. Negligence § 37b—**
 The mere fact that a proprietor has no mat on the floor at the entrance of its office during a period of rain is not negligence, and a proprietor cannot be held under duty to keep a person continuously mopping the floor to avoid dampness during a rainy spell.

**5. Appeal and Error § 38—**
Assignments of error not brought forward in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by plaintiff from a judgment of compulsory nonsuit entered by *Riddle, S.J.,* 1 March 1965 Civil Session of RANDOLPH.

*Ottway Burton for plaintiff appellant.*
*Smith & Casper and Sherwood H. Smith, Jr., and A. Y. Arledge for defendant appellee.*

PARKER, J. This is a civil action to recover damages for personal injuries resulting from a fall in defendant's office at 318 Sunset Avenue, Asheboro, North Carolina, allegedly caused by defendant's actionable negligence in, during a rainy day, permitting dampness or water to be on its office floor, and in not providing a floor mat for customers to wipe their feet on. Defendant in 'its answer denies that it was negligent, and conditionally pleads contributory negligence of plaintiff.

Plaintiff assigns as error the judgment of compulsory nonsuit entered at the close of her evidence by the court on defendant's motion.

Plaintiff's evidence, considered in the light most favorable to her, shows the following facts, which we summarize, except when we quote:

Defendant Power and Light Company maintains an office at 318 Sunset Avenue, Asheboro, where its customers may come and pay their bills for electric power furnished them by defendant. For about three years prior to 18 December 1961 plaintiff had gone into this office monthly to pay her bill for electric power furnished to her home by defendant.

On 18 December 1961 it had been raining since she got up. Defendant's office opened about 9 a.m. About 10 a.m. on this morning she entered defendant's office in Asheboro to pay defendant her bill for electric power furnished her home by defendant. The office according to her testimony at one place in the record was 60 to 70 feet wide, and according to her testimony at another place in the record was 30 feet wide. She entered by a swinging glass door, permitting a person to go in and out. The floor to the office was light colored, slick, and highly polished. In the office was a table on the left-hand side and a counter where bills are usually paid. She walked from the door about 25 feet to the table, and paid her bill to a man sitting there. At the time no other person was in the office. After paying her bill, she turned and started walking out of the office. About six feet from the door her "foot slipped on the dampness on the floor," and she fell

down on the floor, sustaining by reason of her fall personal injuries. She also testified: "The condition of the wax surface of the floor of the lobby when I walked in was a white highly polished floor and had dampness on the floor where I slipped. It was slick." She was wearing "flats," rubber-bottom shoes. In walking out she watched where she was going. There was no floor mat at the entrance to defendant's office.

After plaintiff fell, her husband, who was in a barber shop for the purpose of having his hair cut, was notified of her fall and went to defendant's office. When he went in the office there was "a little mud" and "a little bit of water" and dampness on its floor just inside the door. His wife was sitting in a chair crying, and the left side of her dress was muddy and damp.

Plaintiff's evidence shows that in entering defendant's office to pay her bill to defendant she had invitee status. 3 Strong's N. C. Index, Negligence, § 37a; 65 C.J.S., Negligence, § 43(1).

However, defendant was not an insurer of the safety of plaintiff who entered its office during business hours to pay her bill. *Long v. Food Stores*, 262 N.C. 57, 136 S.E. 2d 275; *Powell v. Deifells, Inc.*, 251 N.C. 596, 112 S.E. 2d 56; 38 Am. Jur., Negligence, § 131.

Under the circumstances shown by plaintiff's evidence, the law imposed upon defendant the legal duty to exercise ordinary care to keep in a reasonably safe condition the entrance to its office and the floor where plaintiff is expected to go on the premises in paying her bill, so as not unnecessarily to expose her to danger, and to give her warning of hidden dangers or unsafe conditions of which it knew, or in the exercise of reasonable supervision and inspection should know. *Long v. Food Stores, supra; Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 130 S.E. 2d 281; *Powell v. Diefells, Inc., supra.*

In *Long v. Food Stores, supra,* it is said:

> "The inviter is charged with knowledge of an unsafe or dangerous condition on his premises during business hours created by his own negligence or the negligence of an employee acting within the scope of his employment, or of a dangerous condition of which his employee has notice. In such cases the inviter is liable if injury to an invitee proximately results therefrom, because the inviter is deemed to have knowledge of his own and his employees' acts. [Citing authority.] But where the unsafe or dangerous condition is created by a third party, or where there is no evidence of the origin thereof, an invitee proximately injured thereby may not recover, unless he can show that the unsafe or dangerous condition had remained there for such length of time that the inviter knew, or by the exercise of reasonable care should have known, of its existence. [Citing authority.]"

This is said in 62 A.L.R. 2d, Annotation, § 9, p. 57: "* * * [I]t is universally held that the *res ipsa loquitur* doctrine is inapplicable in suits against business proprietors to recover for injuries sustained in falls on floors within the business premises which are alleged to have been rendered slippery by the presence thereon of water, oil, mud, snow, etc."

In *Blake v. Tea Co.*, 237 N.C. 730, 75 S.E. 2d 921, the Court said: "So far, however, this Court has not held that water alone, unmixed with oil or grease or other slippery substance, on a floor over which an invitee may be expected to pass, creates a hazard against which the proprietor must guard. Counsel do not call our attention to any decision from any other jurisdiction to that effect."

Plaintiff has no allegation in her complaint that there was mud on the floor of defendant's office. Her allegation and her own testimony are that she slipped on the wet or damp floor. The only evidence as to mud is the testimony of her husband that when he entered the office after his wife fell, there was "a little mud" just inside the door on the floor of the office, and on the left side of her dress.

No inference of actionable negligence on defendant's part arises from the mere fact that on a rainy day plaintiff suffered personal injuries from a fall occasioned by slipping on some dampness or on "a little mud" and "a little bit of water" just inside the door of defendant's office. *Murrell v. Handley*, 245 N.C. 559, 96 S.E. 2d 717; *Fanelty v. Jewelers*, 230 N.C. 694, 55 S.E. 2d 493; *Barnes v. Hotel Corp.*, 229 N.C. 730, 51 S.E. 2d 180; *Livingston v. Friend Bros.*, 302 Mass. 602, 29 N.E. 2d 193. "The fact that a floor is waxed does not constitute evidence of negligence." *Barnes v. Hotel Corp., supra; Murrell v. Handley, supra.* Plaintiff has no evidence that defendant, before her fall, had any notice or knowledge that the floor of its office just inside the door was damp or had "a little mud" and "a little bit of water" on it at that place. Plaintiff has no evidence that defendant created such a condition there or permitted it to be there. Plaintiff has no evidence that any customer had entered the office that morning before she did. No fact or circumstance adduced at the trial suggests that the dampness or "a little mud" or "a little bit of water" existed on the floor of its office just inside the door for any appreciable period of time before plaintiff stepped upon it and fell. In consequence, plaintiff's evidence does not support the theory that defendant by the exercise of reasonable care should have known of its existence and avoided injury to plaintiff by removing it or warning plaintiff of its presence prior to her fall.

There is an absence of any evidence showing that it is a common practice or precaution of prudent storekeepers or keepers of offices

under similar conditions to have on rainy days a mat or other covering at the entrance of their stores or offices or on the floors of their stores or offices for invitees entering to wipe their feet on. There is no evidence here of any structural or unsafe defect at the entrance to defendant's office or in respect to the floor of its office. Plaintiff has no evidence tending to show that defendant did or omitted to do anything which a storekeeper or the keeper of an office of ordinary care and prudence would do under the same circumstances for the protection of its customers or other invitees. Under the facts and conditions shown here, the mere fact that defendant had no mat at the entrance to its office or on the floor of its office when the fact that it was raining was as apparent to plaintiff as to defendant is not negligence. *Conaway v. McCrory Stores Corp.*, 82 Ga. App. 97, 60 S.E. 2d 631; *Parks v. Montgomery Ward*, 198 F. 2d 772. See 62 A.L.R. 2d Annotation, § 10, [c], p. 61, where it is said: "On the question whether negligence inheres in the proprietor's failure to place mats or other abrasive covering (such as a nonslip compound) on a floor made slippery by water, oil, mud, etc., no clear-cut answer is furnished by the holdings of the courts: the issue appears to be controlled by the facts presented in individual cases." Following this statement is an annotation on cases on the subject.

*Powell v. Deifells, Inc., supra,* is factually distinguishable in that, *inter alia,* the manager of the store knew the floor was slippery when wet, and when wet it was customary to put mats at the entrance and mop the floor with dry mops on rainy days.

What was said in *Sears, Roebuck & Co. v. Johnson*, 91 F. 2d 332, 339, is apposite here:

> "If what was shown in this case was sufficient to permit recovery, it would require store owners to have a mopper stationed at the doors on rainy days for the sole purpose of mopping up after every customer entering or leaving the premises. Every store owner would be required to be an insurer against such accidents to public invitees who came in on rainy days with wet shoes."

Plaintiff's evidence, when considered in the light most favorable to her, does not make out a *prima facie* case of actionable negligence against defendant.

Plaintiff has one assignment of error to the exclusion of evidence. It is deemed to be abandoned for the reason she has not brought it forward and discussed it in her brief. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810. Even if this excluded evidence

had been competent and had been admitted, it would not change our decision.

The judgment of compulsory nonsuit below is

Affirmed.