BERTIE LEWIS GASKILL v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC.

No. 693SC529

(Filed 17 December 1969)

**1. Negligence §§ 5.1, 52— store customer — invitee**

A customer entering a store during business hours is an invitee of the proprietor.

**2. Negligence §§ 5.1, 53— store proprietor — liabilities to invitees**

A proprietor is not an insurer of his customers' safety while on his premises, but is liable only for injuries suffered by his customers as result of his actionable negligence.

**3. Negligence §§ 5.1, 53— store proprietor — duties to invitees**

The proprietor owes to his customers the duty to exercise ordinary care to maintain in a reasonably safe condition those portions of his premises which he may expect they will use during business hours, and to give warning of hidden peril or unsafe conditions insofar as these can be ascertained by reasonable inspection and supervision.

**4. Negligence §§ 5.1, 53— store proprietor — duties to invitees — condition created by third party**

If the unsafe condition is created by third parties or by an independent agency, a showing must be made that it had existed for such length of

time that the store proprietor knew or by the exercise of reasonable care should have known of its existence in time to have removed the danger or given warning of its presence.

**5. Negligence §§ 5.1, 57— fall by invitee on floor of store — inference of negligence — res ipsa loquitur**

No inference of negligence on the part of a store proprietor arises from the mere fact of a customer's fall on the floor of his store during business hours, the doctrine of *res ipsa loquitur* not being applicable.

**6. Negligence §§ 5.1, 57— fall by invitee on floor of grocery store — sufficiency of evidence**

In this action for personal injuries sustained by plaintiff when she slipped and fell in defendant's grocery store, judgment of nonsuit was proper where plaintiff's evidence tended to show only that on a rainy afternoon defendant allowed water to accumulate on the asphalt tile floor immediately inside the entrance to its store, that plaintiff entered the store as a customer, and that plaintiff there fell and was injured, plaintiff's evidence having failed to show that defendant was negligent or had failed to exercise ordinary care to maintain its premises in a reasonably safe condition for its customers, or that her fall and injuries were caused by any slippery condition of the floor or by any other dangerous condition on defendant's premises.

**7. Negligence §§ 5.1, 53— store proprietor — duties to invitees**

The proprietor of a business establishment is not required to take extraordinary precautions for the safety of his invitees, the measure of his duty being to exercise reasonable or ordinary care.

**8. Negligence §§ 5.1, 57—duties to invitees — rainy days — floor mat — mopping up after customers**

The mere fact that a proprietor has no mat or other covering on the floor at the entrance of its store during a period of rain is not negligence, and the proprietor cannot be held under a duty to keep a person stationed at the doors on rainy days for the purpose of mopping up after every customer entering or leaving the premises.

APPEAL by plaintiff from *Fountain, J.,* 5 August 1969 Session of CARTERET Superior Court.

This is an appeal from judgment of involuntary nonsuit entered at the close of plaintiff's evidence in a civil action in which plaintiff seeks recovery of damages for personal injuries suffered by her when she slipped and fell in defendant's store. Plaintiff alleged that her injuries were occasioned by defendant's negligence in knowingly permitting water to accumulate immediately inside the entrance door to its store and in failing to exercise due care for its patrons. Defendant answered, denying negligence on its part and pleading contributory negligence on the part of the plaintiff.

Plaintiff's testimony is summarized, except when quoted, as fol-

GASKILL v. A. AND P. TEA CO.

lows: At approximately 6:00 p.m. on 21 November 1967 plaintiff and her daughter went to defendant's store in Beaufort, N. C. to buy groceries. It was raining and had been raining since noon. They parked in the store parking lot and walked to the store entrance where there was a glass entrance door approximately five-feet wide. Plaintiff reached the entrance first and pushed the door open. Her daughter then held the door open for her while plaintiff entered the store. She put one foot inside the store and started to take another step, then "down I went in a big puddle of water." When plaintiff went down, she caught her right foot under her and slanted back and tried to catch herself with her other arm and hurt her neck. Defendant's store manager came running from his office to help, saying: "Somebody come here and wipe this water up. What's it doing here anyway?" The manager's office was eight or ten feet from the place where plaintiff fell and was enclosed in glass so that he could see out. After plaintiff fell, she observed water on the floor. There was water on the side and back of her coat and her foot and shoe were wet. The water covered the width of the door and was about four or five feet inside the door. The floor inside the store was covered with green and beige or tan asphalt tile. Water was standing on the tile. There were no warning signs warning that water was on the floor. There was no mat and no sawdust or anything else on the floor to soak up the water. Plaintiff was wearing shoes with flat heels and flat wide rubber foam-type soles. The soles on the shoes were a kind of sponge that didn't slip with plaintiff.

On cross-examination plaintiff testified that the lighting in the store was excellent and that it was just as light inside as daylight. She also testified that she had normally shopped at defendant's store and had shopped there ever since it was built and knew the store and its layout and everything about it; that she knew the ground and sidewalk were wet, and knew that if people were walking in and out of the store and in the rain that of necessity they were carrying water and dirt on their shoes; that she went to the door and made one step and her foot went out from under her and she fell. Plaintiff testified: "I wasn't looking for water, because I didn't think it would be there waiting for me." She further testified that when she walked through the door she was looking at the people straight ahead, and that she did not look down until she fell; that she didn't look where she was stepping; that if she had looked down, she could have seen the water. There was no water at any other place in the store except the puddle at the entrance.

Plaintiff's daughter testified: "I didn't have the opportunity to see anyone, because when I pushed the door open and looked down

Mama was lying in the floor." She further testified that she did not see plaintiff fall, that: "I had the door open and when I looked Mama was in the floor. It happened just that fast." The daughter also testified that after her mother fell, she observed water on the floor and that it extended from the door over to the checkout counter about eight or ten feet from the door and approximately four or five-feet wide.

Plaintiff introduced evidence as to the nature and extent of her injuries and also introduced portions of defendant's answer which alleged that: "On said occasions customers were steadily entering the store from the outside," and "the defendant had two employees mopping the floor during the entire time that it was raining."

At the close of plaintiff's evidence, the court entered judgment of nonsuit, and plaintiff appealed, making only one assignment of error, that the court erred in allowing defendant's motion for nonsuit.

*Thomas S. Bennett for plaintiff appellant.*

*Harvey Hamilton, Jr., for defendant appellee.*

PARKER, J.

**[1-5]** A customer entering a store during business hours attains the status of an invitee of the proprietor. *Morgan v. Tea Co.,* 266 N.C. 221, 145 S.E. 2d 877. This relationship, however, does not make the proprietor an insurer of his customers' safety while on his premises. *Routh v. Hudson-Belk Co.,* 263 N.C. 112, 139 S.E. 2d 1. Any liability on the part of the proprietor for injuries suffered by his customers attaches only for such injuries as result from his actionable negligence. *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33. The proprietor does owe to his customers the duty to exercise ordinary care to maintain in a reasonably safe condition those portions of his premises which he may expect they will use during business hours, and to give warning of hidden peril or unsafe conditions insofar as these can be ascertained by reasonable inspection and supervision. *Dawson v. Light Co.,* 265 N.C. 691, 144 S.E. 2d 831. If the unsafe condition is created by third parties or by an independent agency, a showing must be made that it had existed for such length of time that the store proprietor knew or by the exercise of reasonable care should have known of its existence in time to have removed the danger or given warning of its presence. No inference of negligence on the part of the store proprietor arises from the mere fact of a customer's fall on the floor of his store during business hours,

the doctrine of *res ipsa loquitur* not being applicable. *Hinson v. Cato's, Inc.,* 271 N.C. 738, 157 S.E. 2d 537; *Raper v. McCrory-Mc-Lellan Corp.,* 259 N.C. 199, 130 S.E. 2d 281. See: Annotation, 62 A.L.R. 2d 6.

[6]    Considering plaintiff's evidence in the light of these well-established principles, we are of the opinion that judgment of non-suit in the present case was proper. Taking plaintiff's evidence as true, considering it in the light most favorable to her, and giving her the benefit of every reasonable inference which may legitimately be drawn therefrom, as we are required to do in passing upon a ruling on motion for nonsuit, *Clarke v. Holman,* 274 N.C. 425, 163 S.E. 2d 783, all that has been shown is that on a rainy afternoon defendant allowed water to accumulate on the asphalt tile floor immediately inside the entrance to its store; that plaintiff entered the store as a customer; and that plaintiff there fell and was injured. In at least two respects this showing is insufficient to impose liability on defendant: First, plaintiff's evidence failed to show that defendant was in anywise negligent or had failed to exercise ordinary care to maintain its premises in a reasonably safe condition for its customers; and second, plaintiff's evidence failed to show that her fall and injuries were caused by any slippery condition of the floor or by any other dangerous condition on defendant's premises.

[7]    The proprietor of a business establishment is not required to take extraordinary precautions for the safety of his invitees, the measure of his duty in this respect being to exercise reasonable or ordinary care. 65 C.J.S., Negligence, § 63(121), p. 888.

[8]    In *Dawson v. Light Co., supra,* a customer-invitee sued the defendant to recover damages for personal injuries sustained when she slipped and fell on a wet or damp floor inside defendant's office. In approving judgment of nonsuit, the Court, speaking through Parker, J. (later C.J.) said:

"No inference of actionable negligence on defendant's part arises from the mere fact that on a rainy day plaintiff suffered personal injuries from a fall occasioned by slipping on some dampness or on 'a little mud' and 'a little bit of water' just inside the door of defendant's office. . . .

"There is an absence of any evidence showing that it is a common practice or precaution of prudent storekeepers or keepers of offices under similar conditions to have on rainy days a mat or other covering at the entrance of their stores or offices or on the floors of their stores or offices for invitees entering to wipe their feet on. There is no evidence here of any structural

or unsafe defect at the entrance to defendant's office or in respect to the floor of its office. Plaintiff has no evidence tending to show that defendant did or omitted to do anything which a storekeeper or the keeper of an office of ordinary care and prudence would do under the same circumstances for the protection of its customers or other invitees. Under the facts and conditions shown here, the mere fact that defendant had no mat at the entrance to its office or on the floor of its office when the fact that it was raining was as apparent to plaintiff as to defendant is not negligence."

Justice Parker's opinion then quoted with approval from the decision in *Sears, Roebuck & Co. v. Johnson,* 91 F. 2d 332, 339, as follows:

" 'If what was shown in this case was sufficient to permit recovery, it would require store owners to have a mopper stationed at the doors on rainy days for the sole purpose of mopping up after every customer entering or leaving the premises. Every store owner would be required to be an insurer against such accidents to public invitees who came in on rainy days with wet shoes.' "

We think the case presently before us is controlled by the reasoning of *Dawson v. Light Co., supra,* and that in this case there was no evidence to show that defendant failed to exercise ordinary care to maintain its premises in a reasonably safe condition. The case of *Powell v. Deifells, Inc.,* 251 N.C. 596, 112 S.E. 2d 56, cited by the plaintiff, is distinguishable. In that case a customer in defendant's store slipped on a wet floor while looking at merchandise and at a point in the main aisle some 20 to 25 feet from the entrance door. It had been raining all morning and at times the rain was mixed with snow. One of the clerks and the store manager, on adverse examination, testified that the floor was slippery when wet and that defendant customarily put mats at the door on rainy days and mopped with a dry mop if any water accumulated, but that on the day in question mats were not placed at the door and the store was not mopped. Under those circumstances the Court held that the question of defendant's negligence was for the jury. In the present case there was no evidence of snow or anything other than rain water being involved; plaintiff fell, not while her attention was directed to examining merchandise within the store, but immediately at the entrance; there was here no evidence that the floor was slippery when wet, and no evidence that the defendant failed to

follow usual precautionary procedures customarily employed by it in rainy weather.

[6] Furthermore, in the present case plaintiff's evidence completely fails to establish that any condition of defendant's floor or premises caused her to fall. She testified merely that on stepping inside the entrance door "down I went in a big puddle of water." Plaintiff's attorney, in his brief on this appeal, states that the floor was covered with asphalt tile and "was slippery when wet." The record before us, however, is totally devoid of any evidence that the floor here in question was in fact slippery when wet.

The judgment of nonsuit is

Affirmed.

CAMPBELL and GRAHAM, JJ., concur.