Vera CROLEY, etc., Plaintiff-Appellant,

v.

**MATSON NAVIGATION COMPANY et al., Defendants-Appellees.**

David E. BOULER, Plaintiff-Appellant,

v.

**MATSON NAVIGATION COMPANY et al., Defendants-Appellees.**

No. 29701.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1971.

---

789

Warren L. Hammond, Jr., Richard Bounds, Cunningham, Bounds & Byrd, Mobile, Ala, for appellants.

W. Boyd Reeves, Theodore K. Jackson, Mobile, Ala., for appellee Matson Navigation Co.; Armbrecht, Jackson & De-Mouy, Mobile, Ala., of counsel.

Before RIVES, WISDOM and GOD-BOLD, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM:

In our original opinion in this case, Croley v. Matson Navigation Co., 5 Cir. 1970, 434 F.2d 73, this Court held that the district court erred in granting Matson's motion for summary judgment. There we concluded that "[a] jury could reasonably find that Matson failed to warn ADDSCO's employees of the danger of explosions and that this constitut-

ed negligence." *Id.* at 76. On petition for rehearing Matson now argues that despite our holding that there exists a genuine factual issue with regard to ADDSCO's knowledge of the dangerous characteristics of Fluid Film, Grade BM, it is still entitled to summary judgment.

Matson points out, first, that the plaintiffs' complaint charges that in its conversion contract with ADDSCO Matson specified the use of Fluid Film, Grade BM, to coat the deep tanks of two of its vessels when Matson knew or in the exercise of ordinary care should have known that the preservative could become flammable or explosive if exposed to heat of flames. In its opinion on the motion for summary judgment, the district court concluded that there was no evidence to raise a factual issue "as to whether or not Matson specified or procured the product Fluid Film to be used by ADDSCO when it knew or should have known of its dangerous characteristics." The district court then went on to say, "However, even if there was evidence that Matson knew of the dangerous characteristics of the product, Fluid Film, Grade BM, the facts conclusively show that any duty to warn the plaintiffs of said condition was discharged by the knowledge of ADDSCO, the employer of plaintiff and plaintiff's intestate, of the dangerous characteristics of the product." In our original opinion we reversed the latter holding. Nevertheless, Matson now argues that the district court's first holding—that there was no evidence that Matson knew or should have known of the danger—is uncontroverted and on that ground we should affirm the entry of summary judgment in its favor.

Thus the question for review is whether there was any evidence before the district court on the motion for summary judgment to raise a genuine factual issue as to whether Matson knew or in the exercise of ordinary care should have known of the dangerous characteristics of Fluid Film, Grade BM.

We have reexamined the briefs and the record. Again we conclude that the district court erred in holding that there was no evidence to indicate that when Matson specified the use of Fluid Film it knew or should have known of the preservative's dangerous characteristics. We base our conclusion on the following facts. First, Fluid Film, Grade BM, is in fact a highly volatile and explosive compound. Lt. Stanley E. Wood, a Coast Guard investigating officer, testified that following the explosion he performed some simple tests on samples of Fluid Film, Grade BM. From these tests he determined that Fluid Film would both readily burn and give off explosive vapors.

Second, it is common knowledge that many such preservatives are flammable. In its motion for summary judgment filed May 31, 1967, Matson stated that "[i]t is a well known fact that Anti-Corrosive Coatings, such as the fluid film applied to the tanks of the S.S. MARINE DEVIL, are usually flammable and/or combustible." James A. Brown, a Matson employee, testified that he knew that the majority of such preservatives are flammable. D. L. Turner, an ADDSCO employee, testified that he knew that Fluid Film, Grade BM, was flammable. He did not communicate that fact directly to Matson because it was not unusual: nearly all tank coatings are flammable; indeed, he has never known one that is not.

Third, Matson had ample opportunity to discover the dangerous characteristics of Fluid Film, Grade BM. In its answers to interrogatories, Eureka Chemical Company stated that it formulated Fluid Film, Grade BM, especially for Matson and sold the product only to Matson. The first sale was made in 1961. In its answers to interrogatories, Matson stated that it has used Fluid Film on eight of its vessels but has never conducted any tests on the product other than to observe its effect as a preservative against corrosion. James M. Backes, an independent chemist employed by ADDSCO, testified that it

would not be difficult to test a product like Fluid Film for its dangerous characteristics. Indeed, he observed that it would be an unsafe practice for a shipping company to specify the use of a preservative on their vessels without first inquiring into the nature and propensities of the product.

Needless to say, there is also substantial evidence in the record suggesting that Matson did not know or should not have known of the dangerous characteristics of Fluid Film, Grade BM. We of course do not decide the issue. We hold only that from the evidence presented a jury could reasonably conclude that when Matson specified the use of Fluid Film, Grade BM, on its vessels it knew or in the exercise of ordinary care should have known of the preservative's dangerous characteristics. Therefore, we adhere to our original decision that genuine issues as to material facts exist that preclude the entry of summary judgment in Matson's favor.

The Petition for Rehearing on behalf of Matson Navigation Company is denied.