**496**

Elaine BERGGREN, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

Civ. No. J77–9.

United States District Court,
D. Alaska.

Feb. 3, 1978.

Shirley F. Kohls, Juneau, Alaska, for plaintiff.

Michael T. Thomas and Thomas A. Sofo of Robertson, Monagle, Eastaugh & Bradley, Juneau, Alaska, for defendant.

## MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

THIS CAUSE comes before the court on plaintiff's motion for summary judgment. By this motion plaintiff seeks to establish that the death of plaintiff's husband resulting from a shooting was accidental within the meaning of the terms of his life insurance policy.

Many of the facts in this case are undisputed. Plaintiff and her husband apparently were quarrelling when plaintiff's son shot decedent in the leg. Shortly thereafter plaintiff's husband died from blood loss. In situations such as this defendant asserts the general rule is,

> ". . . that . . . death intentionally inflicted by a third person upon the insured is nonetheless due to accident or accidental means where it is neither foreseen, expected, nor anticipated by insured. While the statement of this view has generally included a qualification that the death or injury was not the result of . . . an assault by the insured, the cases . . . generally turned on a determination whether the insured, by his actions, *should have reasonably expected* the violent outcome."

Annot: *Accident Insurance-Intentional Injury*, 49 A.L.R.3d 673, 678 (footnotes omitted, emphasis added); See generally 10 *Couch on Insurance* 2d, § 41:1 et seq.

Defendant asserts that such a finding of reasonableness necessarily involves a question of insured's state of mind and, hence, summary judgment is not proper. Plaintiff apparently agrees with the rule of law cited and explicitly states that "insured's state of mind is an important issue to this case. . . ." Reply memo, p. 2.

However, plaintiff argues that as all of the facts necessary to determine insured's state of mind are before the court and

substantially uncontradicted that no trial is necessary. Plaintiff maintains that this result is especially appropriate in the present case where the insured, whose state of mind is at issue, is deceased.

 While the suggested approach has some basis in logic it does not accurately reflect the law. Questions of state of mind and reasonableness are not usually determined upon summary judgment motions even when the underlying facts are not in dispute. *Adams v. State Farm*, 453 F.2d 224 (5th Cir. 1971); *Empire Electronics Co. v. United States*, 311 F.2d 175, 180 (2d Cir. 1962); *Croley v. Matson Nav. Co.*, 434 F.2d 73, 75 (5th Cir. 1970), Rhrng. den. 439 F.2d 788; *Cf.* 10 Wright & Miller, *Federal Practice & Procedure*, § 2729, pp. 572–73. This is true even if the same facts eventually will be presented to the court as the trier of fact.[1] *Empire Electronics, supra,* at 180; 6 *Moore's Federal Practice,* ¶ 56.02[7].

Accordingly IT IS ORDERED:

1. THAT plaintiff's motion for summary judgment is denied.

2. THAT plaintiff may move for hearing at any time.

3. THAT if plaintiff prevails, the court will consider appropriate costs and attorney fees.

---

1. In a real sense this result is preposterous in light of the evidence presented by the parties upon the subject motion, particularly defendant's failure to pursue and present any evidence to rebut plaintiff's assertions. The situation resolves itself to a required waste of time and funds of the court, counsel, and the litigants. The present rule might make considerable sense if the second adjudication of the facts was by a jury, but when the same individual sitting as the court upon the summary judgment motion is the judge who will determine the identical facts at subsequent declaratory judgment hearing, this proceeding makes little sense and does small credit to the authorities requiring such costly spinning of legal wheels.