GRACE GLADSTEIN v. SOUTH SQUARE ASSOCIATES, A LIMITED PARTNERSHIP, AND SAMUEL A. LONGIOTTE

No. 7814SC107

(Filed 19 December 1978)

1. Negligence § 48 — entrance to shopping mall — wet floor — fall by plaintiff — summary judgment for defendants improper

In an action to recover for injuries sustained by plaintiff when she slipped and fell in a shopping mall, the trial court improperly entered summary judgment for defendants where plaintiff alleged that the terrazzo floor covering used in the mall was slick when wet and thus unsafe for patrons; defendants placed a mat at the entrance which was insufficient to dry properly patrons' feet; there had been prior slips and falls on the mall floor; the faulty condition

was known or should have been known to exist; and although defendants generally denied negligence, neither their affidavit nor answer controverted the facts alleged by plaintiff.

**2. Rules of Civil Procedure § 15— motion to amend complaint—denial improper**

In an action to recover for injuries sustained by plaintiff when she slipped and fell in a shopping mall, the trial court abused its discretion in denying plaintiff's motion to amend the complaint to add a verification and precisely plead proximate cause, though the motion was made on the day the court signed a summary judgment order, since amendment of the complaint would not have been futile; at the time of plaintiff's motion to amend to correct technical defects in her complaint, defendants would have suffered no discernible prejudice; and allowing amendment to correct the technical pleading defects would have facilitated consideration of the action on all the evidence available to the court.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 31 October 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 25 October 1978.

Plaintiff, upon entering South Square Mall in Durham on a rainy 30 December 1975 day, slipped and fell causing what plaintiff alleges to be permanent and total disability. Plaintiff instituted this action alleging that the defendants were negligent in failing to provide a safe entranceway into the mall. Plaintiff alleged the defendants were negligent in the following respects: (a) providing an unsafe floor covering, (b) providing a walkway which because of improper construction retained water rather than drained it, (c) maintained a leaking walkway cover allowing water to accumulate, (d) water was allowed to accumulate in a puddle immediately outside the entranceway, (e) a mat placed at the entrance to the mall was insufficient to dry patrons' feet on rainy days, and (f) that the faulty conditions were known or should have been known to the defendants.

Defendants answered the complaint denying negligence and averring contributory negligence on the part of plaintiff. On 4 May 1977, defendants filed a motion for summary judgment supported by an affidavit of the general manager of South Square Mall and certain exhibits. Plaintiff offered in response to the motion her unverified complaint, her deposition, and answers to interrogatories propounded to defendants. The motion was heard and judgment entered 31 October 1977. The order was filed dismissing the action with prejudice on 7 November 1977 based upon the trial court's conclusions that "there is no genuine issue

as to any material fact" and that "plaintiff's evidence taken in the light most favorable to the plaintiff fails to show that the defendant was in anywise negligent or failed to exercise ordinary care to maintain its premises in a reasonably safe condition for its customers."

On 7 November 1977 plaintiff moved for leave to amend the complaint to add a verification and to allow plaintiff to allege more specifically the matter of the proximate cause of the injury. The same day, plaintiff filed a motion to set aside the summary judgment and a motion for voluntary dismissal without prejudice. All three motions were denied.

From the granting of summary judgment for defendants and the denial of plaintiff's three motions, plaintiff appeals.

*James B. Maxwell for plaintiff appellant.*

*Newsome, Graham, Strayhorn, Hedrick, Murray, Bryson & Kennon, by O. William Faison, for defendant appellees.*

MORRIS, Chief Judge.

Plaintiff's first assignment of error places before this Court the propriety of the trial court's entry of summary judgment against plaintiff in this action based upon negligence. It is well settled that summary judgment is properly granted only in the absence of a genuine issue of material fact. G.S. 1A-1, Rule 56. An issue is "material" only if its resolution would prevent the party against whom it is resolved from prevailing or the fact alleged would affect the result of the action, or constitute a legal defense. The issue is "genuine" if it is supported by substantial evidence. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972). Nevertheless, it has often been said by the courts of this and many other jurisdictions that only in exceptional cases involving the question of negligence or reasonable care will summary judgment be an appropriate procedure to resolve the controversy. *See Dendy v. Watkins*, 288 N.C. 447, 219 S.E. 2d 214 (1975); *Savings and Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972); *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); *Edwards v. Means*, 36 N.C. App. 122, 243 S.E. 2d 161 (1978); *Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147 (1971), *cert. den.*, 279 N.C. 395, 183 S.E. 2d 243 (1971); *Pridgen v. Hughes*, 9

N.C. App. 635, 177 S.E. 2d 425 (1970); *see generally* 10 Wright and Miller, Federal Practice and Procedure: Civil § 2729. The propriety of summary judgment does not always revolve around the elusive distinction between questions of fact and law. Although there may be no question of fact, when the facts are such that reasonable men could differ on the issue of negligence courts have generally considered summary judgment improper. *See Croley v. Matson Navigation Co.*, 434 F. 2d 73 (5th Cir. 1970), *reh. den.*, 439 F. 2d 788 (5th Cir. 1971). Judge Parker for this Court explained:

> "This is so because even in a case in which there may be no substantial dispute as to what occurred, it usually remains for the jury, under appropriate instructions from the court, to apply the standard of the reasonably prudent man to the facts of the case in order to determine where the negligence, if any, lay and what was the proximate cause of the aggrieved party's injuries." *Robinson v. McMahan*, 11 N.C. App. at 280, 181 S.E. 2d at 150; *see also Edwards v. Means*, supra.

The jury has generally been recognized as being uniquely competent to apply the reasonable man standard. *See generally* Prosser, Torts § 37 at 207 (4th Ed. 1971). Because of the peculiarly elusive nature of the term "negligence", the jury generally should pass on the reasonableness of conduct in light of all the circumstances of the case. This is so even though in this State "[w]hat is negligence is a question of law, and when the facts are admitted or established, the court must say whether it does nor does not exist." *McNair v. Boyette*, 282 N.C. 230, 236, 192 S.E. 457, 461 (1972).

The appropriate use of the summary judgment procedure requires the courts to strike a delicate balance between the equally distasteful practices of trying cases upon affidavits or requiring a trial in cases that are destined for disposition by a trial court's granting of a directed verdict. The courts, not without some criticism, have often refused to grant summary judgment in negligence cases even where a directed verdict may appear likely. Addressing himself to this issue, Chief Judge Parker of the Fourth Circuit commented:

> "It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct

a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented." *Pierce v. Ford Motor Company*, 190 F. 2d 910, 915 (4th Cir. 1951), *cert. den.*, 342 U.S. 887, 72 S.Ct. 178, 96 L.Ed. 666 (1951).

These remarks are typical of the treatment of the summary judgment procedure in personal injury litigation. *See generally* 10 Wright and Miller, supra.

It was said by this Court that when the moving party presented materials which would require a directed verdict at trial, he was entitled to summary judgment unless the opposing party established some triable issue of fact. *Pridgen v. Hughes, supra.* However, that case presented no facts upon which reasonable men could differ. Plaintiff in that case relied entirely upon her allegations "that the defendants were negligent in placing the throw rug over the recently waxed floor which would slip upon being stepped on and in failing to warn plaintiff of the dangerous condition thereby created." The trial court's dismissal of the action through entry of summary judgment was affirmed. Essentially the facts alleged were insufficient to establish a cause of action in negligence. The fact that a floor is waxed does not constitute evidence of negligence in North Carolina. *Barnes v. Hotel Corp.*, 229 N.C. 730, 51 S.E. 2d 180 (1949).

Defendants have cited authority which they assert would entitle them to a directed verdict if the case were sent to trial. One of the primary authorities on "slip and fall cases" in North Carolina appears to be the case of *Dawson v. Light Co.*, 265 N.C. 691, 144 S.E. 2d 831 (1965). Nonsuit was entered against the plaintiff where the only evidence of negligence was that she slipped on a damp or wet floor. There was no evidence that the prudent storekeeper would use mats to dry feet near the entranceway nor that the defendant by the exercise of reasonable care should have known of the wetness and avoided the danger of injury by removing the water or warning plaintiff of its existence. That decision was followed by this Court in *Gaskill v. A. and P. Tea Co.*, 6 N.C.

App. 690, 171 S.E. 2d 95 (1969). In that case judgment of nonsuit was affirmed where the only evidence was that water had accumulated on a tile floor just inside the entranceway. There was "no evidence that the floor was slippery when wet, and no evidence that defendant failed to follow usual precautionary procedures customarily employed by it in rainy weather." 6 N.C. App. at 695-696, 171 S.E. 2d at 98. The case of *Powell v. Deifells, Inc.*, 251 N.C. 596, 112 S.E. 2d 56 (1960), was distinguished because of evidence in that case tending to show that the floor was slippery when wet, that mats were generally used on rainy days, and that water which accumulated was usually mopped with a dry mop.

[1] Plaintiff in the case *sub judice* alleged, *inter alia*, that the terrazzo floor covering used in the mall was slick when wet and thus unsafe for patrons; that defendants placed a mat at the entrance which was insufficient to properly dry patrons' feet; that there had been prior slips and falls on the mall floor; and that the faulty condition was known or should have been known to exist. Although defendants generally denied negligence, neither the affidavit nor answer controverted the facts alleged by plaintiff. Defendants merely stated upon affidavit of the general manager of the shopping center that the terrazzo flooring is commonly used in other area malls—he did not deny it was slick when wet. Although he asserted there were no falls under substantially similar circumstances, the record of accident reports in the mall indicates other incidents of slips and falls. The affidavit did not assert that the mats were sufficient to dry patrons' feet, it merely provided pictures of the type mats used.

Although the material facts of the case are not in dispute, there is sufficient evidence gleened from the record upon which reasonable men could differ concerning whether these defendants exercised reasonable care. We hold that plaintiff is entitled to have the issue of the reasonableness of these defendants' conduct presented at trial. We express no opinion concerning the strength of the evidence.

[2] Summary judgment was entered by the court orally 31 October 1977 and the order of summary judgment was signed and filed 7 November 1977. On the day the order was signed plaintiff filed (1) a motion to set aside the entry of judgment pursuant to

G.S. 1A-1, Rules 59 and 60; (2) a motion for voluntary dismissal without prejudice pursuant to Rule 41(a); and (3) a motion to amend the complaint pursuant to Rule 15. Plaintiff assigns as error the denial of each of these motions. Because we have hereinabove concluded that entry of summary judgment was improper, we need only discuss the motion to amend.

G.S. 1A-1, Rule 15(a) mandates that leave to amend shall be granted freely when justice so requires. The motion to amend is properly addressed to the discretion of the trial court who must weigh the motion in light of the attendant circumstances. *Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E. 2d 119 (1978). There is no time limit under G.S. 1A-1, Rule 15 within which a party must move to amend. Courts in the absence of reasonable justification for delay have refused to grant leave to amend after the entry of summary judgment. *See e.g., Universe Tankships, Inc. v. United States*, 528 F. 2d 73 (3d Cir. 1975) (different theory of recovery in amendment); *Freeman v. Continental Gin Co.*, 381 F. 2d 459 (5th Cir. 1967), *reh. den.*, 384 F. 2d 365 (5th Cir. 1967) (amendment proffered more than 8 months after entry of summary judgment); *Carroll v. Pittsburgh Steel Co.*, 103 F. Supp. 788 (D.C. Pa. 1952) (amendment proffered 22 months after motion for summary judgment was filed); *see generally* Anno., 4 A.L.R. Fed. 123. However, at the time of plaintiff's motion to amend to correct technical defects in her complaint, defendant would have suffered no discernible prejudice. Allowing amendment to correct the technical pleading defects under G.S. 1A-1, Rule 56(e) would have facilitated consideration of the action on all the evidence available to the court. The United States Supreme Court's comments on the appropriateness of the denial of a motion to vacate along with a motion for leave to amend the pleadings is instructive:

> "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson* 355 US 41, 48, 2 L ed 2d 80, 86, 78 S Ct 99.

Gladstein v. South Square Assoc.

*    *    *

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as un-due delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 181-182, 83 S.Ct. 227, 9 L.Ed. 2d 222, 225-226 (1962); *Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 245 S.E. 2d 782 (1978).

The federal rule and G.S. 1A-1, Rule 15 are in relevant part identical as are the policies behind our rules to insure, so far as is just to the opposing party, that every case be decided on its merits.

Based upon the facts as alleged in the original complaint and more precisely alleged in the tendered amended complaint, as well as the other evidence in the record, the plaintiff has sufficient evidence to present a prima facie case of negligence. Amendment of the complaint to add a verification and precisely plead proximate causation would, therefore, not be futile.

The trial court's entry of summary judgment is reversed, the order denying the motion to amend is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges ARNOLD and ERWIN concur.