JOEL K. CUTCHIN v. THADDEQUES ARNELL PLEDGER, HARRISON B. BOWE, JR. (ADMINISTRATOR OF THE ESTATE OF DONNEY ELTON BOWE, DECEASED), AND JAMES ANDREW FRANCIS

No. 831SC1106

(Filed 6 November 1984)

Automobiles and Other Vehicles §§ 11.3, 50— insufficient evidence of negligence and proximate cause

In an action arising out of a collision involving four vehicles, plaintiff's forecast of evidence was insufficient to show any negligence by one defendant where it tended to show that such defendant was lawfully operating his vehicle in his own lane of travel when the collision occurred in the other lane;

furthermore, plaintiff's forecast of evidence was insufficient to show that any negligence on the part of the second defendant was a proximate cause of plaintiff's injury where it tended to show that plaintiff struck the rear of a vehicle which had stalled in plaintiff's lane of travel, and that the stalled vehicle was knocked into the second defendant's automobile which was stopped with its lights on facing the stalled vehicle.

APPEAL by plaintiff from *Watts, Judge.* Judgments entered 18 May, 19 May and 28 June 1983 in Superior Court, DARE County. Heard in the Court of Appeals 23 August 1984.

This is a civil action arising out of an automobile collision in which plaintiff, Joel K. Cutchin, seeks damages from defendants Thaddeques Arnell Pledger, Harrison B. Bowe, Jr., Administrator of the Estate of Donney Elton Bowe (Deceased) and James Andrew Francis allegedly as a result of their negligence.

Sometime after midnight on 11 July 1981, plaintiff was operating his automobile in a westerly direction on the Wright Memorial Bridge (U.S. Route 158) in Currituck County. The Wright Memorial Bridge is an approximately 2½ mile long, two-lane highway bridge running in a generally east to west direction.

At some point on the bridge, near the "high rise," plaintiff first noticed headlights facing his vehicle in the opposite eastbound lane. Plaintiff continued to drive in a westbound direction at 40-55 miles per hour for about a mile and did not reduce his speed. As plaintiff neared the headlights, he saw a stalled automobile in his lane of travel. Plaintiff applied his brakes but was unable to stop in time to avoid colliding with the rear of the stalled automobile. It was knocked into yet another automobile which was stopped with its lights on, facing the stalled automobile in the westbound lane of the bridge.

The stalled automobile was operated by defendant's decedent Bowe, the automobile in the eastbound lane was operated by defendant Francis and the third automobile, stopped and facing the stalled automobile in the westbound lane, was operated by defendant Pledger.

Defendants Pledger and Francis's motions for summary judgment were granted. Plaintiff appeals.

*Walker, Lambe and Crabtree, by Guy W. Crabtree, for plaintiff-appellant.*

*Wilson and Ellis, by M. H. Hood Ellis and David W. Boone for defendant-appellee Thaddeques Arnell Pledger.*

*Leroy, Wells, Shaw, Hornthal and Riley, by L. P. Hornthal, Jr., for defendant-appellee James Andrew Francis.*

EAGLES, Judge.

I.

Plaintiff first assigns as error the trial court's granting of summary judgment on all issues in favor of defendants Pledger and Francis. We find no error.

Summary judgment is a device whereby judgment is rendered before trial if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mutual Life Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). The goal of this procedural device is to allow disposition before trial of an unfounded claim or defense. *Asheville Contracting Co. v. City of Wilson*, 62 N.C. App. 329, 303 S.E. 2d 365 (1983).

Plaintiff argues that issues of negligence are generally not susceptible of summary adjudication because the applicable standard of care—usually that of the reasonably prudent man—must be employed by the jury under appropriate instructions from the court. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). He also argues that only in exceptional cases involving the question of reasonable care will summary judgment be an appropriate procedure to resolve the matter. *Gladstein v. South Square Associates*, 39 N.C. App. 171, 249 S.E. 2d 827, *cert. denied*, 296 N.C. 736, 254 S.E. 2d 178 (1979). We agree but hold that this is an exceptional case in which the summary judgment was appropriate.

The standard for granting summary judgment in negligence cases is stated in *Whitaker v. Blackburn*, 47 N.C. App. 144, 266 S.E. 2d 763 (1980) where the court said:

Summary judgment may be appropriate in negligence cases when it appears there can be no recovery for plaintiff even if the facts claimed by plaintiff are accepted as true. [Citation omitted.] If the material before the Court at the summary judgment hearing would require a directed verdict for defendants at trial, defendants are entitled to summary judgment. 47 N.C. App. 147, 266 S.E. 2d at 765.

Here, the record discloses that the following facts are not in dispute: This suit arises out of a four car collision on the Wright Memorial Bridge. Donney E. Bowe (Deceased) was stopped in the westbound lane of the bridge facing west, the plaintiff's direction of travel. Defendant Pledger had stopped to render assistance and was parked in front of the Bowe automobile in the westbound lane but facing east, toward the oncoming Bowe automobile. Defendant Francis was operating his automobile eastward across the bridge in the eastbound lane in the immediate vicinity of the Bowe and Pledger automobiles. There was some dispute as to whether the Francis automobile was moving or stopped.

Plaintiff's automobile approached in the westbound lane and collided with the rear of the Bowe automobile knocking it into the automobile operated by Pledger. Plaintiff's forecast of evidence failed to show any negligence by defendant Francis. Francis was lawfully operating his vehicle in his own lane of travel when the collision occurred in the other lane.

Negligence on the part of Pledger, if proven, could not have been a proximate cause of plaintiff's injury. Plaintiff struck the stalled Bowe automobile which in turn was knocked into the Pledger automobile. Plaintiff fails to show that this event injured him.

We hold that even if the facts claimed by the plaintiff are true, the material before the trial court at the summary judgment hearing would have required a directed verdict for defendants Pledger and Francis at trial. Accordingly, defendants Pledger and Francis are entitled to summary judgment.

## II.

Plaintiff next assigns as error the trial court's denial of a motion for a new hearing based on newly discovered evidence. We

find no error. The trial court determined in its discretion that plaintiff failed to offer newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at trial.

The record fully supports the trial court's ruling. Plaintiff has failed to show that the record affirmatively demonstrates a manifest abuse of discretion which would be required for reversal. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982).

For these reasons, the judgment of the trial court is affirmed.

Judges ARNOLD and WHICHARD concur.