JOANNE COFFIN, PLAINTIFF v. ISS OXFORD SERVICES, INC., DEFENDANT

No. 9314SC720

(Filed 17 May 1994)

**Corporations § 208 (NCI4th) — corporation sold after accident — purchasing corporation named as defendant — failure to show "mere continuation" of selling corporation**

> Summary judgment was properly entered for defendant ISS Oxford Services, Inc. (ISS Oxford) in plaintiff's slip and fall action on the ground that plaintiff failed to name and serve the proper party within the statute of limitations where it was undisputed that ADT Maintenance Services, Inc. (ADT) waxed the floor on which plaintiff fell; ADT was purchased by ISS Oxford after plaintiff's accident; and plaintiff's evidence was insufficient to substantiate her theory that ISS Oxford is a "mere continuation" of ADT in that she failed to present evidence of the consideration paid by ISS Oxford for ADT, failed to support her assertion of a "continuity of key personnel," and produced no evidence that ISS Oxford has some of the same shareholders, directors, and officers as ADT.

**Am Jur 2d, Corporations §§ 2862-2870.**

Appeal by plaintiff from order entered 25 March 1993 by Judge Robert P. Farmer in Durham County Superior Court. Heard in the Court of Appeals 23 March 1994.

*Robert T. Perry for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, by Susan K. Burkhart, for defendant-appellee.*

JOHNSON, Judge.

Facts pertinent to this appeal are as follows: On 15 December 1988, plaintiff Joanne Coffin, an employee of Northrup Services,

Inc., was on her business premises at 2 Triangle Drive in Research Triangle Park, North Carolina. Although plaintiff typically left work at 4:30 p.m., on this date she stayed late in the building performing job-related duties. Around 6:00 p.m., plaintiff walked through a door; on the other side of the door, a cleaning service was waxing the floor. As plaintiff walked through the door, she slipped and fell to the ground, sustaining injuries.

The cleaning service was on the premises pursuant to a cleaning contract between plaintiff's employer, Northrup Services, Inc., and "Oxford Building Service." Plaintiff's fall occurred after the cleaning service had begun its cleaning process.

Some time later, plaintiff instituted an action against defendant ISS Oxford Services, Inc. (hereafter, ISS Oxford) for damages incurred as a result of the accident. A summons was issued on 11 December 1991 and service was made on defendant's registered agent on 17 December 1991. On 15 January 1992, defendant filed a motion and answer and on 6 February 1992 defendant filed an amended answer and motions to include denial of negligence and to move the court for dismissal of plaintiff's complaint on the grounds that plaintiff failed to name and serve the proper party within the three-year statute of limitations set forth in North Carolina General Statutes § 1-52 (Cum. Supp. 1993). Defendant responded to plaintiff's first set of interrogatories and request for production of documents on 1 June 1992. On 28 July 1992, defendant filed a motion for summary judgment, which the trial judge granted on 25 March 1993. Plaintiff filed timely notice of appeal to our Court.

Plaintiff argues that the trial court erred by granting defendant's motion for summary judgment on the grounds of lack of personal jurisdiction, insufficiency of process and service of process, and the statute of limitations, where evidence adduced at the summary judgment hearing demonstrated a genuine dispute regarding whether defendant, ISS Oxford, is a "continuation" of ADT Maintenance Services, Inc. (hereafter, ADT). Defendant argues that ISS Oxford was not in existence on the date of the accident and that there is no evidence in the record that anyone connected with ADT received notice of the suit.

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment

as a matter of law. North Carolina General Statutes § 1A-1, Rule 56 (1990). The goal of summary judgment is to allow the disposition before trial of an unfounded claim or defense. *Cutchin v. Pledger*, 71 N.C. App. 279, 321 S.E.2d 462 (1984).

Following are dates relevant to this appeal:

12/1/87: Oxford Services, Inc. filed a Certificate of Assumed Name as "Oxford Building Services"

6/30/88: Oxford Services, Inc. merged into Pritchard Services, Inc.

8/2/88: Pritchard Services, Inc. changed its name to ADT Maintenance Services, Inc.

12/15/88: date of plaintiff's fall

12/30/88: ADT Maintenance Services, Inc. assets sold to ISS International Service Systems, Inc.

It is undisputed that although plaintiff served defendant ISS Oxford, ADT is the proper party defendant in this action. Plaintiff contends, however, that there is a genuine dispute regarding whether the purchasing corporation, defendant ISS Oxford, is a "mere continuation" of the selling corporation, ADT.

"A corporation which purchases all, or substantially all, of the assets of another corporation is generally not liable for the old corporation's debts or liabilities." *Budd Tire Corp. v. Pierce Tire Co.*, 90 N.C. App. 684, 687, 370 S.E.2d 267, 269 (1988) (citations omitted). "Exceptions exist where: (1) there is an express or implied agreement by the purchasing corporation to assume the debt or liability; (2) the transfer amounts to a de facto merger of the two corporations; (3) the transfer of assets was done for the purpose of defrauding the corporation's creditors; or (4) the purchasing corporation is a 'mere continuation' of the selling corporation in that the purchasing corporation has some of the same shareholders, directors, and officers." *Id.* (citations omitted).

In the case *sub judice*, plaintiff has failed to put on evidence to substantiate this "mere continuation" theory. For example, although plaintiff evidences the "Bill of Sale Regarding Certain Assets" between ADT and ISS Oxford, which indicates consideration in the sum of one dollar "and other good and valuable consideration," plaintiff has failed to attempt to ascertain the extent

of this "other good and valuable consideration." Plaintiff asserts the "continuity of key personnel" in her brief, but there is no substantiation to this in the record; plaintiff produces no evidence that the purchasing corporation "has some of the same shareholders, directors, and officers." In addition, plaintiff notes that defendant continued to do business under names similar to those used when the business was owned by ADT, but the relationship of these various parties was available in public records. Therefore, we find plaintiff's assertion that ISS Oxford, the purchasing corporation, is a "mere continuation" of ADT, the selling corporation, without merit.

Therefore, for the foregoing reasons, we find the trial court properly granted defendant's motion for summary judgment.

The decision of the trial court is affirmed.

Judges GREENE and JOHN concur.