WEBER v. HOLLAND

[115 N.C. App. 160 (1994)]

CHARLES H. WEBER, Plaintiff v. RICHARD H. HOLLAND, JR., and HOLLAND GLASS COMPANY, INC., A corporation, Defendants

No. 9325SC994

(Filed 7 June 1994)

**Evidence and Witnesses § 1994 (NCI4th)— refund of deposits for stock purchase—summary judgment proper—evidence of oral agreement inadmissible to vary terms of writing**

In an action to recover sums which plaintiff had deposited with defendant company in anticipation of the purchase of stock, the trial court did not err in entering summary judgment for plaintiff, since the written documents serving as receipts contained in the record stated in express terms that each of the deposits was immediately refundable upon demand; one document expressly stated that if no formal purchase agreement were executed, all deposit sums plus accrued interest would be returned to plaintiff; these documents were signed by defendant; and parol evidence of a verbal agreement as to the sale of company stock could not be admitted to vary or contradict the terms of the parties' final writing.

**Am Jur 2d, Contracts §§ 260-263.**

Appeal by defendants from order entered 15 July 1993 by Judge J. Marlene Hyatt in Catawba County Superior Court. Heard in the Court of Appeals 23 May 1994.

*Bryce O. Thomas, Jr. for plaintiff-appellee.*

*Tate, Young, Morphis, Bach & Farthing, by Thomas C. Morphis, for defendants-appellants.*

JOHNSON, Judge.

This is an action brought by plaintiff Charles H. Weber against defendant Richard B. Holland, Jr. (Holland) and Holland Glass Company, Inc. (Company) alleging that plaintiff was entitled to the return of $65,000.00 which plaintiff had deposited with the Company in anticipation of the purchase of stock. Defendants denied any liability on the $65,000.00 deposit because defendants alleged an oral agreement had been reached with plaintiff for the sale of fifteen percent (15%) of the Company stock for $90,000.00.

The record indicates that plaintiff, who worked for the Company, first deposited $50,000.00 for the purchase of Company stock. A receipt is contained in the record which reads:

May 29, 1991

Received from Charles H. Weber, the sum of Fifty Thousand dollars ($50,000.00) as deposit for purchase of Holland Glass Company Inc. corporate stock.

Refund of this deposit shall be immediate upon demand.
Richard H. Holland, Jr.
/s/

A second receipt is contained in the record showing a further deposit:

July 19, 1991

Received from Charles H. Weber, the sum of Fifteen Thousand Dollars ($15,000.00) as deposit for purchase of Holland Glass Company, Inc. corporate stock.

Refund of this deposit shall be immediate upon demand.

I further agree that should no formal purchase agreement be executed, all deposit sums ($50,000.00 received May 29, 1991 and $15,000.00 received July 19, 1991) shall be fully refunded including an amount equal to 8% annual interest accrued from date of receipt until final payment.

/s/
Richard H. Holland, Jr.

Finally, the record contains a letter from plaintiff to Holland, dated 10 June 1992, stating:

Dear Richard:

On May 29, 1991 you received fifty thousand dollars ($50,000.00) and on July 19, 1991, another fifteen thousand dollars ($15,000.00) from me as deposit towards the purchase of stock in Holland Glass Company.

To this date, no formal agreement has been executed or transfer of stock taken place.

WEBER v. HOLLAND

[115 N.C. App. 160 (1994)]

Per our signed note, refund of this deposit shall be immediate upon demand. I have verbally requested that refund be made.

Written notice is hereby made that refund of this deposit is due not later than June 19, 1992.

> Sincerely,
> /s/
> Charles H. Weber

No refund of the deposit was ever made by defendants to plaintiff. Plaintiff then commenced the instant action. After various pleadings were filed, plaintiff filed a motion for summary judgment which the trial court granted on 16 July 1993, finding that "judgment is granted in favor of plaintiff against the defendant[s] and that the plaintiff have and recover of the defendants the sum of $65,000 plus interest at the rate of 8% per annum on $50,000 from May 29, 1991 and on $15,000 from July 19, 1991 plus court costs." Defendants filed timely notice of appeal to our Court.

Defendants argue that the trial court committed reversible error by granting plaintiff's motion for summary judgment because there was a genuine issue of material fact. Specifically, defendants argue that there is an issue of fact to be resolved by a jury because depositions in the record indicate the two parties reached an oral agreement as to the sale of Company stock. Defendants further argue that the 29 May 1991 writing "cannot be interpreted without reference to subsequent collateral evidence." We disagree.

Summary judgment is appropriate where there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56; *Burton v. NCNB*, 85 N.C. App. 702, 355 S.E.2d 800 (1987). The goal of summary judgment is to allow the disposition before trial of an unfounded claim or defense. *Cutchin v. Pledger*, 71 N.C. App. 279, 321 S.E.2d 462 (1984).

The written documents serving as receipts contained in the record state in express terms that each of the deposits were immediately refundable upon demand. Additionally, the latter of these documents, dated 19 July 1991, expressly stated that if no formal purchase agreement was executed, all deposit sums plus accrued interest would be returned to plaintiff. These documents were signed by defendant. Parol evidence of verbal agreements cannot be admitted to vary or contradict the terms of a final writing. *See Borden, Inc. v.*

**BROOKS v. N.C. DEPT. OF TRANSPORTATION**

[115 N.C. App. 163 (1994)]

*Brower,* 284 N.C. 54, 199 S.E.2d 414 (1973). We find the trial court did not err in granting plaintiff's motion for summary judgment.

Affirmed.

Judges ORR and WYNN concur.