ROBERT D. JOHNSON v. MARY E. JOHNSON

No. 7223DC47

(Filed 29 March 1972)

1. Pleadings §§ 17, 32— failure to reply to counterclaim — defense to counterclaim — filing of reply conforming to evidence

In the husband's action for absolute divorce wherein the wife counterclaimed for alimony *pendente lite*, counsel fees and possession of the home, and the husband filed no reply to the counterclaim, the trial court acted within its discretion in allowing the husband to introduce as a defense to the wife's counterclaim evidence that the wife was habitually intoxicated, and in allowing the husband to file a reply to the counterclaim conforming to the evidence already presented.

2. Trial § 3— continuances — discretion of court

The granting of a continuance is within the discretion of the trial court and its exercise will not be reviewed in the absence of manifest abuse of discretion.

3. Trial § 3— failure to reply to counterclaim — defense to counterclaim — filing of reply during trial — denial of continuance

In the husband's action for absolute divorce wherein the wife counterclaimed for alimony *pendente lite*, counsel fees and possession of the home, and the husband filed no reply to the counterclaim, the trial court did not abuse its discretion in the denial of the wife's motion for continuance on the ground of surprise after the husband had been allowed to introduce as a defense to the wife's counterclaim evidence that the wife was habitually intoxicated, and to file a reply to the wife's counterclaim conforming to the evidence already presented, the trial court having been in a position to know what transpired at a pretrial conference and whether defendant was surprised by plaintiff's evidence.

4. Divorce and Alimony § 13— granting of absolute divorce — denial of counterclaim for alimony

The evidence supported the trial court's findings that the husband was justified in leaving the wife because of the wife's drinking problem and that the husband had not offered indignities to the wife which would have made the wife's life unbearable, and the trial court properly dismissed the wife's counterclaim for alimony *pendente lite*, counsel fees and possession of the home and properly granted the husband an absolute divorce on the ground of one year's separation.

5. Appeal and Error § 24— exceptions not set forth in record on appeal

Exceptions not set forth in the record on appeal will not be considered by the appellate court.

APPEAL by defendant from *Osborne, District Judge,* at the 28 June 1971 Session of District Court held in WILKES County.

---

**Johnson v. Johnson**

---

The plaintiff, Robert D. Johnson, brought this civil action for divorce from the defendant, Mary E. Johnson. The complaint alleged, as grounds for the divorce, one year's separation of the parties.

The defendant filed an answer and a counterclaim denominated as such, alleging that plaintiff had offered indignities to the defendant and deserted her and thereafter failed to provide adequate support and maintenance for her. The defendant asked that the complaint be dismissed, and that she be awarded alimony pendente lite, counsel fees, and a writ of possession of a residence owned by the parties as tenants by the entirety.

Plaintiff did not file a reply.

The case was tried by the judge sitting without a jury. At the trial, the plaintiff introduced evidence that defendant was habitually intoxicated and that defendant's intoxication was the reason plaintiff left home. This evidence was introduced as a defense to defendant's counterclaim. The defendant objected to the introduction of plaintiff's evidence on the grounds that no reply had been filed and defendant was therefore taken by surprise.

The trial judge allowed the plaintiff to file a reply to the counterclaim conforming to the evidence already presented.

The defendant made a motion for continuance after all of plaintiff's evidence had been introduced. The motion was denied.

The defendant testified that she did not have a drinking problem and that she had not given plaintiff any reason to leave home.

The judge's findings of fact and conclusions of law were in favor of the plaintiff. Judgment was entered granting plaintiff an absolute divorce on the grounds of one year's separation and dismissing defendant's counterclaim.

From the judgment, the defendant appeals.

*Whicker, Vannoy & Moore by J. Gary Vannoy for plaintiff appellee.*

*McElwee & Hall by John E. Hall for defendant appellant.*

CAMPBELL, Judge.

The defendant first assigns as error the admission of evidence as to the drinking problem of defendant as a defense against the defendant's counterclaim and the denial of defendant's motion for a continuance after this evidence was admitted.

Defendant contends that plaintiff was required to file a reply to her counterclaim and that in the absence of a reply it was error for the trial court to admit evidence of a defense to the counterclaim. She further contends that it was error for the trial court to deny defendant's motion for a continuance after the plaintiff's evidence was admitted.

Stated concisely, the question is whether it was error to admit plaintiff's evidence, allow him to file a reply conforming the pleadings to the evidence and deny defendant's motion for a continuance.

Although the North Carolina Rules differ somewhat from the Federal Rules of Civil Procedure, the Federal Rules are one of the sources of the North Carolina Rules; and decisions under them are pertinent for guidance and enlightenment as we develop the philosophy of the new rules. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). The canon of interpretation of the Federal Rules is one of liberality, and it has been held in numerous decisions that the general policy of the Rules is to disregard technicalities and form and determine the rights of litigants on the merits. *Fakouri v. Cadais,* 147 F. 2d 667 (1945) ; *Mitchell v. White Consolidated,* 177 F. 2d 500 (1949).

The North Carolina Rules provide that a reply must be filed to any counterclaim denominated as such, G.S. 1A-1, Rule 7(a), and averments to which a responsive pleading is required are deemed to be admitted when not denied. G.S. 1A-1, Rule 8(d).

The North Carolina Supreme Court has, however, held that the Superior Courts possess an inherent discretionary power to amend pleadings or allow them to be filed at any time unless prohibited by some statute or unless vested rights are interfered with. *Gilchrist v. Kitchen,* 86 N.C. 20 (1882) ; *Cantwell v. Herring,* 127 N.C. 81, 37 S.E. 140 (1900) ; *Wheeler v. Wheeler,* 239 N.C. 646, 80 S.E. 2d 755 (1954). These cases were decided under the former Code of Civil Procedure. "But independent of

---

Johnson v. Johnson

---

the Code, we hold that the right to amend the pleadings of a cause and allow answers or other pleadings to be filed at any time, is an inherent power of the superior courts, which they may exercise at their discretion, unless prohibited by some statutory enactment or unless vested rights are interfered with." *Gilchrist v. Kitchen, supra.* The *Gilchrist* case attributes this power to the superior court, but the rules of procedure are now the same in both district and superior courts (G.S. 1A-1, Rule 1) and the inherent powers of these courts are the same as far as procedural matters are concerned.

We do not hold that the filing of a reply is an amendment to the pleadings, but it should be noted that Rule 15 permits amendment of pleadings to conform to the evidence even where the evidence is admitted over objection. While this Rule does not control in the case before us, it does reflect the general policy of proceeding to the merits of an action.

[1] In the case before us we hold that the trial court was within its discretion in admitting plaintiff's evidence and allowing plaintiff to file a reply.

[2, 3] The defendant argues that it was error for the trial court to deny her motion for a continuance. The granting of a continuance is within the discretion of the trial court and its exercise will not be reviewed in the absence of manifest abuse of discretion. *O'Brien v. O'Brien,* 266 N.C. 502, 146 S.E. 2d 500 (1966). In this case the trial court was in a position to know what had transpired at the pre-trial conference which had been held and whether defendant was surprised by plaintiff's evidence. The defendant failed to convince the court that admission of plaintiff's evidence prejudiced her in maintaining her counterclaim on the merits. No abuse of discretion appearing, the judge's ruling will not be disturbed.

[4] Defendant also contends that the trial court's findings of fact are not supported by the evidence and that the judgment is not supported by the findings of fact.

We have examined the record carefully. It is our opinion that the evidence fully supports the trial judge's findings of fact. The findings of fact are sufficient to support the judgment. G.S. 1A-1, Rule 52.

The defendant raises two final questions on this appeal: 1. Did the trial court err by failing to make conclusions of

law? 2. Did the trial court's refusal to grant defendant a continuance until the plaintiff's reply was filed deny the defendant the right to trial by jury?

[5]   These exceptions have not been set forth in the record on appeal and will not be considered by this Court. Rules 21 and 19(c), Rules of Practice in the Court of Appeals of North Carolina.

It should be noted that the trial court did make conclusions of law. They were omitted from the original record on appeal, but have been included in an addendum to the record.

On the jury trial question, it should be noted that defendant did not request a jury trial in her answer and counterclaim or at the time she moved for a continuance. The defendant has, in fact, argued that her reason for requesting the continuance was to meet alleged surprise, not to demand a jury trial.

We have carefully reviewed the record in this case and find

No error.

Judges BRITT and GRAHAM concur.