CAROLINA BUILDERS CORPORATION v. GELDER & ASSOCIATES, INC., CLARENCE W. GELDER AND EDGAR R. BAIN, SUBSTITUTE TRUSTEE

No. 8110SC415

(Filed 6 April 1982)

**Rules of Civil Procedure § 15— failure to allow amendment of complaint—error**

In an action to enjoin the foreclosure of two deeds of trust on lands owned by plaintiff, the trial court erred as a matter of law in failing to rule on plaintiff's motion to amend its complaint before granting defendants' motion for summary judgment where the motion to amend was filed less than four months after the original complaint and eight months before the hearing on defendants' motion for summary judgment.

APPEAL by plaintiff from *Canady, Judge.* Judgment entered 30 October 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 8 December 1981.

Plaintiff commenced this action on 26 October 1979 to enjoin the foreclosure of two deeds of trust on lands owned by plaintiff. In its original complaint plaintiff alleged that defendant Clarence Gelder had acquired, by assignment, two deeds of trust and the accompanying promissory notes, which constituted liens on a 16.4 acre tract of land owned by plaintiff. The notes were executed to obtain funds with which to develop the Idlewood Village Subdivision in Wake County, North Carolina. The deeds of trust securing the notes covered numerous lots in the Subdivision in addition to plaintiff's property.

When the notes became delinquent, Gelder threatened to foreclose on plaintiff's property. Plaintiff contended that Gelder released five Subdivision lots, owned by defendant Gelder & Associates, Inc., from the lien of the deeds of trust without requiring payment of the release fees that were required by specified loan agreements that were incorporated by reference in the deeds of trust. According to plaintiff, Gelder thereby cast a greater burden of payment for the remaining balance of the notes on plaintiff's property. Plaintiff, therefore, asked the court (1) to enjoin Gelder's foreclosure of the deeds of trust and (2) to require Gelder to credit against the notes the proper release payments.

Defendants filed answer on 26 November 1979 and moved for summary judgment on 30 November 1979.

On 18 February 1980, prior to a hearing on defendants' summary judgment motion, plaintiff filed a motion to amend its complaint on the ground that since the filing of its original complaint it had obtained previously unobtainable documents which established an additional basis for its claim against defendants. Plaintiff also tendered an amended complaint with supporting exhibits.

The amended complaint set forth a second cause of action based upon two additional provisions in the loan agreements underlying the deeds of trust and providing for the cancellation of the deeds of trust covering plaintiff's property at the borrower's option following release by the lender of a certain number of Sub-

division lots from the lien of the deeds of trust. Plaintiff alleged that the requisite number of lots had been released and that it was therefore entitled to enforce the cancellation provisions. Attached to the amended complaint were copies of the aforementioned loan agreements.

Without ruling on plaintiff's motion to amend its complaint, the trial court allowed defendants' motion for summary judgment. Plaintiff has appealed.

*Joslin, Culbertson, Sedberry & Houck, by William Joslin, for plaintiff appellant.*

*Edgar R. Bain and Elaine F. Capps for defendant appellee.*

BECTON, Judge.

Plaintiff assigns error to the trial court's failure to rule on the motion to amend its complaint. The trial court apparently gave no consideration to the amended complaint in ruling on the summary judgment motion for it refused to allow plaintiff to include it in the record on appeal. We subsequently allowed plaintiff to file it as an amendment to the record pursuant to App. R. 9(b)(6).

We hold that the trial court's failure to rule on the motion to amend was error as a matter of law and that the trial court prematurely ruled on defendant's motion for summary judgment.

"The Rules of Civil Procedure achieve their purpose of insuring a speedy trial by providing for and encouraging liberal amendments to pleadings under Rule 15." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 714, 220 S.E. 2d 806, 809 (1975), *cert. denied*, 289 N.C. 619, 223 S.E. 2d 396 (1976). Failure to rule on a motion to amend contravenes this purpose by inviting piecemeal litigation and preventing consideration of the merits of the action on all the evidence available. *See Gladstein v. South Square Assoc.*, 39 N.C. App. 171, 249 S.E. 2d 827 (1978), *disc. review denied*, 296 N.C. 736, 254 S.E. 2d 178 (1979); *Johnson v. Johnson*, 14 N.C. App. 40, 187 S.E. 2d 420 (1972).

We further hold that in this case the motion to amend should have been allowed. Rule 15(a) of the Rules of Civil Procedure states that leave to amend pleadings "shall be freely given when

justice so requires." *See Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 245 S.E. 2d 782 (1978); *see also Foman v. Davis*, 371 U.S. 178. 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962).

In the present case, we perceive no apparent reason why the motion to amend should not have been allowed, and the trial court stated none. In *Public Relations, Inc.*, we found neither undue delay nor prejudice when the plaintiff filed a motion to amend its complaint so as to allege personal jurisdiction over the defendant approximately six weeks after the defendant had filed a motion to dismiss for lack of jurisdiction *and one day after the trial court had allowed that motion to dismiss*. In the present case the motion to amend was filed less than four months after the original complaint and eight months before the hearing on defendants' motion for summary judgment. It is conceivable that it took plaintiff four months to obtain, through discovery, the documents necessary to support the new claim contained in the amended complaint. Allowance of the amendment will not prejudice defendants as they will have ample opportunity to respond to it. Nor can we say that allowance of the motion to amend would be futile even though upon remand the trial court may determine that plaintiff cannot recover on the claim asserted in the amended complaint.

Entry of summary judgment in favor of defendants is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judge CLARK and Judge WHICHARD concur.