Horton v. Goodman

RONALD LEE HORTON AND PHYLLIS B. HORTON v. STANLEY F. GOODMAN AND MARGARET GOODMAN

No. 8319DC503

(Filed 5 June 1984)

1. **Easements § 11— abandonment of easement—sufficiency of evidence**

    The issue of abandonment of an easement in a roadway across defendants' land was properly submitted to the jury where there was evidence that a fence, on which there were several "no trespassing" signs, had been erected across the roadway by plaintiffs' predecessor in title and had remained there for at least six or seven years; the roadway had been bulldozed and crops had been planted there for a period of about three years; plaintiffs themselves had used an alternate route to reach their property; and plaintiffs had, in fact, been given an express right-of-way separate from the roadway in question.

2. **Rules of Civil Procedure § 15.2— amendment of pleadings to conform to evidence**

    In an action to establish a prescriptive easement in a roadway, the trial court did not err in permitting defendants to present evidence of abandonment of the easement and to amend their pleadings to conform to the evidence of abandonment.

3. **Compromise and Settlement § 6— conversations not settlement negotiations—admissibility in evidence**

    Conversations between the parties which occurred before the roadway at issue had become the subject of any controversy or dispute did not constitute

settlement negotiations of an existing dispute and were, therefore, properly allowed into evidence.

**4. Easements § 11— prescriptive easement in roadway—evidence of alternative ways into property**

Evidence that plaintiffs or their predecessors blocked the roadway in question with a fence and elected to take an alternate way into the homeplace was competent to show an intent to abandon an easement in the roadway.

APPEAL by plaintiff from *Montgomery, Judge*. Judgment entered 3 November 1982 in District Court, ROWAN County. Heard in the Court of Appeals 15 March 1984.

Plaintiffs own real property in Rowan County which is composed of two tracts of land totalling approximately 22 acres. It is the site of the Eli Beaver homeplace, which plaintiffs began restoring in 1980. Defendants own an adjoining 117-acre tract. The subject of this dispute is a road which runs over defendants' property and by which plaintiffs claim an easement by prescription.

The evidence introduced by plaintiffs to establish the existence of an easement by prescription was that Scott and George Beaver were born at the Eli Beaver homeplace during the early 1900's. After living at the homeplace the first 21 years of their lives, the Beavers moved away, but remained in Rowan County and returned to visit the homeplace on a regular basis until their mother died in 1956. At that time, they sold the property to J. L. Horton, Jr., who later sold to plaintiffs. The Beavers further testified that from their earliest childhood recollection until the property was sold in 1956 they and members of their family used the road in question without ever asking or receiving the permission of defendants and that the Beaver family maintained the road.

In addition to the nine-acre tract purchased from J. L. Horton, Jr., plaintiffs obtained the second 13-acre tract from Carl Overcash. Overcash testified that he had planted crops on the tract, including the road in dispute, for two or three years up until the 13 acres was sold to plaintiffs. Evidence was also introduced which established that in order to get to the Eli Beaver homeplace to begin restoring the house in 1980, plaintiffs went over the land of J. L. Horton rather than use the roadway. Moreover, J. L. Horton, Jr. testified that he had erected a fence

on the property now owned by plaintiffs, crossing the road in question, and that the fence, which had on it several "no trespassing" signs, had stood for six or seven years. Finally, J. L. Horton, Jr. testified that when he deeded the 13-acre tract to plaintiffs he also, by express grant, gave plaintiffs a 20-foot wide right-of-way, not over the roadway in question, but over his own property.

Plaintiffs filed suit on 13 November 1981, seeking to establish a right-of-way or easement over the land of defendants by injunctive relief. The jury found that plaintiffs had established an easement by prescription from the Horton property to Amity Hill Road, across defendants' property, but that this easement had been abandoned by plaintiffs or their predecessors. From this verdict, plaintiffs appeal.

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by Malcolm B. Blankenship, Jr., for plaintiff appellants.*

*Woodson, Hudson, Busby, Sayers, Lawther and Bridges, by Donald D. Sayers, for defendant appellees.*

ARNOLD, Judge.

[1] Plaintiffs contend that the trial court erred in allowing the issue of abandonment of easement to be submitted to the jury in that there was insufficient evidence of abandonment. We disagree and find no error.

North Carolina case law has historically recognized the principle that an easement, whether created by grant or prescription, may be abandoned.

> An easement may be abandoned by unequivocable acts showing a clear intention to abandon and terminate the right, or it may be done by acts *in pais* without deed or other writing. The intention to abandon is the material question, and it may be proved by an infinite variety of acts. It is a question of fact to be ascertained from all the circumstances of the case.

*Combs v. Brickhouse,* 201 N.C. 366, 369, 160 S.E. 355, 356 (1931).

The court submitted the issue of abandonment to the jury after receiving evidence that a fence, on which there were several "no trespassing" signs, had been erected across the roadway and

---

---

had remained there for at least six or seven years, that the road had been bulldozed and crops had been planted there for a period of about three years, that plaintiffs themselves had used an alternate route to reach their property, and that plaintiffs had, in fact, been given an express right-of-way separate from the roadway in question. This evidence is sufficient to warrant the submission of the issue of abandonment to the jury in that it tends to establish the intention of plaintiffs to abandon or terminate the easement.

[2] Plaintiffs next contend that the court erred in receiving the evidence of abandonment in that the issue was not raised by the pleadings. They allege that the injection of this issue for the first time at trial constituted prejudicial surprise. Again, we disagree. This Court has previously held that the trial court has the inherent right to amend pleadings and "allow answers or other pleadings to be filed at any time. . . ." *Johnson v. Johnson*, 14 N.C. App. 40, 43, 187 S.E. 2d 420, 422 (1972). This power is discretionary unless it interferes with vested rights or is prohibited by statute. *Id.*

Since the original answer filed by defendants specifically alleged that plaintiffs used other means of access to the property, we fail to see how plaintiffs could have been surprised by the introduction of this and other evidence of abandonment at trial. As the Supreme Court held in *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972). "Even when the evidence is objected to on the ground that it is not within the issues raised by the pleadings, the court will freely allow amendments to present the merits of the case when the objecting party fails to satisfy the court that he would be prejudiced in the trial on the merits." *Id.*, at 58, 187 S.E. 2d at 727. After finding no prejudice to plaintiffs, the trial court did not abuse its discretion in allowing evidence of abandonment to be presented.

[3] Plaintiffs next contend that the court erred in admitting evidence as to negotiations and offers to settle between the parties. We recognize the rule that evidence of an offer to compromise or settle a disputed claim will not be admitted. *Stein v. Levins*, 205 N.C. 302, 171 S.E. 96 (1933). However, "an offer to compromise necessarily implies an existing dispute, a claim to be adjusted, or a controversy to be settled." *Wilson County Board of Education v. Lamm*, 276 N.C. 487, 493, 173 S.E. 2d 281, 285 (1970).

In the case at bar, the testimony complained of by plaintiffs related to conversations between the parties which occurred before the roadway at issue had become the subject of any controversy or dispute. These discussions did not constitute settlement negotiations of an "existing" dispute, and were, therefore, properly allowed into evidence.

[4] Plaintiffs also contend that the court committed error in allowing evidence of alternate ways into the property in that this evidence was irrelevant and prejudicial. We find, however, that the evidence was relevant to show that plaintiffs did abandon the easement. The fact that plaintiffs or their predecessors blocked the road with a fence and elected to take an alternate way into the homeplace is inconsistent with their claim to the easement and tends to show their intent to abandon the roadway. *See Wilmington Furniture Co. v. Cole*, 207 N.C. 840, 178 S.E. 579 (1935).

We find no error in the trial and, therefore, deem it unnecessary to consider defendants' cross-assignment of error.

No error.

Judges WELLS and BRASWELL concur.