COBLE CRANES & EQUIPMENT CO. v. B & W UTILITIES, INC.

[111 N.C. App. 910 (1993)]

————————

COBLE CRANES & EQUIPMENT CO. v. B & W UTILITIES, INC., THOMAS GRAY BODFORD, MICHELLE BREWER BODFORD, AND DEBORAH WALTERS

No. 9218DC844

(Filed 7 September 1993)

1. Rules of Civil Procedure § 15 (NCI3d)— grant of summary judgment—failure to rule on motion to amend answer— harmless error

Although the trial court erred by failing to rule on defendant's motion to amend her answer prior to granting summary

COBLE CRANES & EQUIPMENT CO. v. B & W UTILITIES, INC.

[111 N.C. App. 910 (1993)]

judgment for plaintiff, defendant was not prejudiced by this error because defendant had not verified her answer and the trial court would thus not have been able to consider it when ruling upon plaintiff's motion for summary judgment.

**Am Jur 2d, Appeal and Error §§ 668, 669, 713, 715, 795, 796.**

2. **Appeal and Error § 147 (NCI4th)— summary judgment while discovery pending—failure to preserve question for appeal**

Defendant failed to preserve for appellate review the question of whether the trial court erred in allowing plaintiff's motion for summary judgment when discovery procedures were still pending where there was nothing in the record to indicate that defendant requested that the trial court continue the hearing because discovery was pending or that defendant moved to compel plaintiff's responses to the discovery.

**Am Jur 2d, Appeal and Error § 545 et seq.**

Appeal by defendant from order entered 18 May 1992, by Judge Donald L. Boone in Guilford County District Court. Heard in the Court of Appeals 17 June 1993.

Plaintiff instituted this action by filing a complaint alleging, *inter alia*, that defendants were jointly and severally liable to it for the amount of $4,309.93 plus interest due on a contract and open account. The complaint averred that the liability of defendant Deborah Walters (hereinafter referred to as the defendant) was based upon her unconditional guaranty of payment of all sums due plaintiff by B&W Utilities, Inc. (B&W). On 16 April 1992, defendant filed an answer denying the substantive allegations of the complaint, after which, on 22 April 1992, plaintiff filed a motion for summary judgment supported by affidavit. Within 30 days of filing her answer, defendant filed a motion for leave to amend the answer and attached to it an amended answer and a cross-claim. In the amended answer, defendant asserted, *inter alia*, that all payments personally guaranteed by her prior to 24 November 1989 had been paid in full, that defendant had revoked her guaranty of payment on or about 24 November 1989, and that she was not liable for extensions of credit made to B&W subsequent to the later date. At approximately the time she filed the motion to amend the answer, defendant also served plaintiff with interrogatories, requests for admissions, and requests for production of documents.

At a hearing on 18 May 1992, the trial court did not rule on defendant's motion to amend her answer. It did, however, grant plaintiff's motion for summary judgment from which defendant appeals.

*Tuggle Duggins & Meschan, P.A., by Thomas S. Thornton and Jonathan S. Dills, for plaintiff-appellee.*

*Robert A. Lauver P.A., by Robert A. Lauver, for defendant-appellant.*

McCRODDEN, Judge.

In this appeal, defendant contends that the trial court erred, first, when it failed to rule upon defendant's motion to amend her answer prior to granting summary judgment, second, in granting summary judgment for plaintiff when defendant's amended answer raised genuine issues of material fact, and, third, in allowing plaintiff's motion for summary judgment before defendant had completed discovery. After carefully reviewing defendant's assignments of error, we find no basis for reversing the trial court's order.

[1] Defendant assigns error to the trial court's failure to rule on her motion to amend the answer and to the trial court's granting summary judgment without first ruling on the motion. She contends that the trial court should have granted her motion since it was properly filed, calendared, and before the court. We agree that the trial court's failure to rule on the motion was error, but we find this error to be harmless. In the case of *Carolina Builders v. Gelder & Associates*, 56 N.C. App. 638, 289 S.E.2d 628 (1982), this Court found that the trial court committed error as a matter of law when it ruled upon the defendant's motion for summary judgment without considering the plaintiff's motion to amend the complaint. The Court stated that "[t]he Rules of Civil Procedure achieve their purpose of insuring a speedy trial by providing for and encouraging liberal amendments to pleadings under Rule 15. Failure to rule on a motion to amend contravenes this purpose by inviting piecemeal litigation and preventing consideration of the merits of the action on all the evidence available." *Id.* at 640, 289 S.E.2d at 629 (citation omitted). Specifically, Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990). The motion to amend is properly addressed to the discretion of the trial judge who must weigh the motion in light of all circumstances. *Gladstein*

*v. South Square Assoc.,* 39 N.C. App. 171, 177, 249 S.E.2d 827, 830 (1978), *disc. review denied,* 296 N.C. 736, 254 S.E.2d 178 (1979). However, the outright refusal to grant leave to amend without any justifying reason is an abuse, not an exercise, of discretion. *Id.* at 178, 249 S.E.2d at 831 (citing *Fomen v. David,* 371 U.S. 178, 182, 9 L.Ed.2d 222, 226 (1962) ).

We can detect in the record before us no reason the trial court should not have allowed defendant's motion to amend. The defendant filed the motion in a timely manner, and plaintiff would not have suffered any discernible prejudice by the judge's allowance of the motion. Indeed, we agree with plaintiff's argument that, since defendant filed her motion within thirty days after serving the original answer and since the case had not been placed on the trial calendar, she had an absolute right to amend and thus did not need to file a motion. N.C.G.S. § 1A-1, Rule 15(a). We do not, however, accept plaintiff's unsupported argument that this right justified the trial court's action with regard to defendant's motion.

The trial court's failure to allow defendant's motion to amend, however, did not prejudice the defendant, because the defendant had not verified the amended answer, and, thus, the trial court would not have been able to consider it when ruling upon plaintiff's motion for summary judgment. *See Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E.2d 823 (1971). We, therefore, overrule defendant's first two assignments of error.

[2] Defendant's final argument is that the trial court erred in allowing plaintiff's motion for summary judgment when discovery procedures were still pending. We find nothing in the record to indicate, however, that defendant requested that the trial court continue the hearing because discovery was still pending or that defendant moved to compel plaintiff's responses to the discovery. Because defendant failed to request a continuance at the hearing, she has failed to preserve this question for appellate review. N.C.R. App. P. 10(b). We overrule this assignment of error.

We affirm the trial court's entry of summary judgment.

Affirmed.

Judges WELLS and ORR concur.