RICHARD EDWARD CROWLEY, JR., PLAINTIFF-APPELLANT v. CAROLYN W. CROWLEY, DEFENDANT-APPELLEE

No. COA09-898

(Filed 6 April 2010)

**1. Appeal and Error— interlocutory order—remaining issues resolved—appeal considered**

The Court of Appeals considered plaintiff's appeal from the trial court's order dismissing his claim for alimony even though it was interlocutory when appeal was noticed. Because the remaining issues of child support and equitable distribution were resolved after appeal was noticed, there was nothing left for the trial court to determine.

**2. Appeal and Error— violations of Appellate Rules of Procedure—dismissal not warranted**

Plaintiff's alleged violations of the Appellate Rules of Procedure did not warrant dismissal, and the merits of the appeal were reached.

**3. Divorce— alimony claim—failure to reply to counterclaim—not deemed an admission**

The trial court erred in dismissing plaintiff's claim for alimony after ruling that plaintiff effectively admitted that he was not a dependent spouse by failing to reply to defendant's counterclaim. Defendant failed to make a specific counterclaim for alimony and plaintiff's failure to file a reply re-asserting allegations already made in his complaint did not amount to an admission under N.C.G.S. § 1A-1, Rule 8(d).

CROWLEY v. CROWLEY

[203 N.C. App. 299 (2010)]

Appeal by Plaintiff from order entered 12 February 2009 by Judge Christy T. Mann in District Court, Mecklenburg County. Heard in the Court of Appeals 2 December 2009.

*The Honnold Law Firm, P.A., by Bradley B. Honnold, for Plaintiff-Appellant.*

*James, McElroy & Diehl, P.A., by G. Russell Kornegay, III and Preston O. Odom, III, for Defendant-Appellee.*

McGEE, Judge.

Richard Edward Crowley (Plaintiff) and Carolyn W. Crowley (Defendant) were married on 2 March 1996 and separated on 20 July 2007. Plaintiff filed a complaint on 25 October 2007 seeking child custody, child support, post separation support, alimony and equitable distribution, along with a motion for interim distribution. Defendant filed an answer and counterclaims on 19 December 2007. Plaintiff did not file a reply to Defendant's counterclaims.

Plaintiff and Defendant executed a parenting agreement that was approved by the trial court in an order entered 21 August 2008, which effectively resolved the issue of child custody. A trial was held on the issues of child support, alimony, and equitable distribution on 11 February 2009.

At trial, Defendant moved for a dismissal of Plaintiff's alimony claim on the grounds that Plaintiff had failed to reply to Defendant's counterclaims. The trial court heard arguments from counsel and allowed Plaintiff's attorney the evening of 11 February 2009 to research the issue. In an order entered 12 February 2009, the trial court granted Defendant's motion to dismiss Plaintiff's alimony claim. Plaintiff appeals.

*Interlocutory Nature of the Appeal*

[1] We begin by addressing Defendant's contention that this appeal is interlocutory. "An order . . . granting a motion to dismiss certain claims in an action, while leaving other claims in the action to go forward, is plainly an interlocutory order." *Pratt v. Staton*, 147 N.C. App. 771, 773, 556 S.E.2d 621, 623 (2001). Generally, there is no right of appeal from an interlocutory order. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983). Though Defendant asserts that this appeal was interlocutory when Plaintiff filed his notice of appeal, Defendant also "submits that [we] now

[have] jurisdiction over [the] appeal," because the remaining issues have since been fully resolved. We agree.

Interlocutory appeals are disfavored in order to "prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters v. Qualified Personnel, Inc.,* 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). Our Court addressed the effect of the resolution of remaining issues on an otherwise interlocutory appeal in *Tarrant v. Freeway Foods of Greensboro,* 163 N.C. App. 504, 593 S.E.2d 808, *disc. review denied,* 358 N.C. 739, 603 S.E.2d 126 (2004). In *Tarrant,* the plaintiff appealed from the trial court's dismissal of two of his four claims. *Id.* at 507, 593 S.E.2d at 811. We noted that, after dismissal of only two of the plaintiff's claims, his appeal "would have been interlocutory[.]" *Id.* at 507-08, 593 S.E.2d at 811. The plaintiff then voluntarily dismissed the remaining two claims. *Id.* at 508, 593 S.E.2d at 811. Our Court conducted the following analysis:

> At this juncture, we believe that the interests of justice would be furthered by hearing the appeal. All claims and judgments are final with respect to all the parties, and there is nothing left for the trial court to determine. Therefore, the rationale behind dismissing interlocutory appeals, the prevention of fragmentary and unnecessary appeals, does not apply in this case. In fact, any delay on our part would impede, rather than expedite, the efficient resolution of this matter. For these reasons, we decline to dismiss the appeal and will consider the case on the merits.

*Id. See also Jones v. Harrelson and Smith Contractors,* —— N.C. App. ——, ——, 670 S.E.2d 242, 249 n.2 (2008).

Defendant has moved to amend the record on appeal to reflect certain developments in the case since the notice of appeal was filed. We grant Defendant's motion and note the following facts. In this case, the trial court granted Defendant's motion to dismiss the alimony claim, leaving unresolved Plaintiff's claims for child support and equitable distribution. Plaintiff gave notice of appeal on 13 March 2009. Because Plaintiff's appeal concerned an order dismissing one of his claims, but leaving his remaining claims unresolved, Plaintiff's appeal was interlocutory. However, the trial court entered a judgment and order on 7 July 2009, resolving the issues of equitable distribution, child support, and attorneys' fees. In light of the trial court's resolution of the remaining issues, "there is nothing left for the trial

court to determine." *Tarrant*, 163 N.C. App. at 508, 593 S.E.2d at 811. Therefore, the rationale for dismissing interlocutory appeals does not apply in this case and we will consider Plaintiff's appeal. *See Id.*

### Rules Violations

[2] Defendant cites to numerous alleged violations of the N.C. Rules of Appellate Procedure in Plaintiff's brief. Defendant includes in her brief a list of seven alleged rules violations, "two of which are of fundamental import here (that is, rules 10(c)(1) and 28(b)(4))." Our Supreme Court addressed in detail the methods by which our Court is to respond to appellate rules violations in *Dogwood Dev. & Mgmt. v. White Oak Transport*, 362 N.C. 191, 657 S.E.2d 361 (2008). In *Dogwood*, the Supreme Court indicated that rules violations were of three broad categories: jurisdictional violations, non-jurisdictional violations, and waiver. *Id.* at 194, 657 S.E.2d at 363. The Court instructed that non-jurisdictional violations "normally should not lead to dismissal of the appeal." *Id.* at 198, 657 S.E.2d at 365. The Court noted that:

> Two examples of such [non-jurisdictional] rules are those at issue in the present case: Rule 10(c)(1), which directs the form of assignments of error, and Rule 28(b), which governs the content of the appellant's brief.
>
> Noncompliance with rules of this nature, while perhaps indicative of inartful appellate advocacy, does not ordinarily give rise to the harms associated with review of unpreserved issues or lack of jurisdiction.

*Id.*

We note that in the present case, the two rules violations that Defendant asserts are "of fundamental import" are the precise rules that the Supreme Court in *Dogwood* instructed do not ordinarily warrant dismissal. We take further instruction from *Dogwood*, that "[i]n most situations when a party substantially or grossly violates non-jurisdictional requirements of the rules, the appellate court should impose a sanction other than dismissal and review the merits of the appeal." *Id.* Therefore, we will review the merits of the appeal.

### Failure to Reply to Counterclaims

[3] Plaintiff argues that the trial court erred by dismissing his alimony claim based on his failure to reply to Defendant's counterclaims. Plaintiff contends that Defendant did not assert a counter-

claim on the issue of alimony "to which a reply was either required or permitted." For reasons discussed below, we reverse the trial court's ruling on this issue.

"The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable[.]" N.C. Gen. Stat. § 50-16.3A(a) (2010). In the present case, the trial court dismissed Plaintiff's alimony claim after concluding that Plaintiff effectively admitted that he was not a dependent spouse and that Defendant was not a supporting spouse. The trial court made these conclusions based in part on N.C. Gen. Stat. § 1A-1, Rules 7 and 8. N.C. Gen. Stat. § 1A-1, Rule 7 provides in pertinent part that "[t]here shall be a . . . reply to a counterclaim denominated as such[.]" N.C. Gen. Stat. § 1A-1, Rule 7(a) (2010). N.C. Gen. Stat. § 1A-1, Rule 8 provides in pertinent part that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." N.C. Gen. Stat. § 1A-1, Rule 8(d) (2010).

Defendant's answer and counterclaims contained the following:

## AFFIRMATIVE DEFENSES
### First Affirmative Defense

. . .

45. [Plaintiff] is not a dependent spouse of his marriage to [Defendant], and [Defendant] is not a supporting spouse of her marriage to [Plaintiff], as [Plaintiff] is underemployed and is intentionally depressing his income in order to receive alimony from [Defendant]. As a result, [Plaintiff] is not entitled to post-separation support and/or alimony from [Defendant], and [Defendant] pleads this as an affirmative defense to [Plaintiff's] claims for postseparation support and/or alimony.

. . .

## COUNTERCLAIMS

. . .

## FACTUAL ALLEGATIONS

. . .

74. Upon information and belief, [Plaintiff] is currently employed at the YMCA. In the past, [Plaintiff] earned an annual salary of

$30,000 working eight hours per week as an assistant at [Defendant's] dental practice. [Plaintiff] has also owned his own art gallery in the past, "Stretch Gallery," but failed to operate it in a way that was profitable. Upon information and belief, [Plaintiff] voluntarily closed his gallery in October 2007 in order to increase his chances of receiving an award of alimony and child support from [Defendant]. [Plaintiff] had equipment in the gallery that was worth, upon information and belief, $15,000. [Plaintiff] has a B.A. from Texas Tech in Art and is deliberately depressing his income in order to avoid his child support obligation and to receive alimony from [Defendant].

Still under the heading "counterclaims," Defendant then asserted the following claims for relief:

### First Claim for Relief
### Child Custody and Support

80. [Defendant] incorporates by reference and realleges as if fully set forth herein the admissions, responses and allegations set forth in the preceding paragraphs.

81. [Defendant] is entitled to an award of sole custody of the parties' minor children, both temporary and permanent. Custody with [Defendant] is in the best interests and welfare of the minor children.

82. It is appropriate that the [c]ourt enter an [o]rder providing for the support of the minor children, both temporary and permanent.

### Second Claim for Relief
### Retroactive Child Support

83. [Defendant] incorporates by reference and realleges as if fully set forth herein the admissions, responses and allegations set forth in the preceding paragraphs.

84. [Defendant] has expended reasonable and considerable sums of money on behalf of the minor children since the date of separation without assistance from [Plaintiff].

85. [Defendant] is entitled to an [o]rder requiring [Plaintiff] to pay to [Defendant] at least one-half (1/2) of the actual expenditures incurred on behalf of the minor children from the date of separation to the date [Plaintiff] filed his Complaint.

## Third Claim for Relief
## Equitable Distribution

86. [Defendant] incorporates by reference and realleges as if fully set forth herein the admissions, responses and allegations set forth in the preceding paragraphs.

87. Pursuant to N.C.G.S. § 50-20, *et seq.*, [Defendant] is entitled to an unequal distribution of marital property and divisible property in her favor and an equitable distribution of the marital and divisible debt.

Plaintiff contends that the trial court erred by applying N.C.G.S. § 1A-1, Rule 8(d) to this case because Defendant did not assert a counterclaim related to alimony. We agree there was no counterclaim for alimony in Defendant's answer, but note there were three specific counterclaims which incorporated, by reference, and re-alleged those portions of paragraph number 45 which related to alimony.

Therefore, Defendant did assert three counterclaims to which a reply would generally be required. Incorporated by reference in those counterclaims are allegations which, if deemed admitted, would undermine Plaintiff's recovery on his alimony claim. Those allegations are properly labeled an affirmative defense in Defendant's answer under paragraph 45, and are simply affirmative statements which serve to negate claims already made by Plaintiff in his complaint. *See* N.C.G.S. § 1A-1, Rule 8(c) ("When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."). The question before us, then, is whether allegations in a defendant's counterclaims, which in part state in the affirmative mere denials of allegations originally made in a complaint, are deemed admitted if the plaintiff fails to re-allege those facts in a reply by denying the defendant's allegations.

This issue has not been directly addressed by our Courts. When interpreting the N.C. Rules of Civil Procedure, our Courts may look to the Federal Rules of Civil Procedure, and "decisions under [the Federal Rules of Civil Procedure] are pertinent for guidance and enlightenment as we develop the philosophy of the new rules." *Johnson v. Johnson*, 14 N.C. App. 40, 42, 187 S.E.2d 420, 421 (1972) (citations omitted).

CROWLEY v. CROWLEY

[203 N.C. App. 299 (2010)]

Federal Rule of Civil Procedure 8(b)(6) contains the following language: "Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6). This language is effectively identical to the language of our own Rule 8(d), which provides in relevant part:

Effect of failure to deny.—Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

N.C.G.S. § 1A-1, Rule 8(d) (2010).

In *Vevelstad v. Flynn*, 230 F.2d 695 (9th Cir.), *cert. denied*, 352 U.S. 827, 1 L. Ed. 2d 49 (1956), the Ninth Circuit Court of Appeals addressed the question now before us. In *Vevelstad*, the defendants in a title dispute action filed an answer which contained a section entitled "a fourth defense and counterclaim[.]" *Vevelstad*, 230 F.2d at 703. The plaintiffs did not reply to the counterclaim and the defendants argued that the failure to reply "constituted an admission of the allegations of that part of the answer." *Id.* In affirming the trial court, the Court noted:

With respect to this we agree with the trial court that the allegations of this fourth defense and counterclaim, which were incorporated from similar allegations in the so-called third defense, were merely denials in affirmative form of the allegations of the complaint. Said the trial court: "*Obviously, by incorporating such allegations into what is denominated a defense and counterclaim, the defendant may not compel the plaintiff to repeat, in negative form in a reply, the allegations of his complaint,* and hence, I conclude that the failure to file a reply in the instant case does not constitute an admission under rules 7(a) and 8(d) F.R.C.P." This ruling is in conformity with the express provisions of Rule 8(c), F.R.C.P. as follows: "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

*Id.* (emphasis added). The Ninth Circuit Court of Appeals affirmed the trial court's interpretation. *Id. See also Monk v. United Life &*

*Accident Ins. Co. of Concord, N.H.*, 2 F.R. D. 372, 373 (E.D. Pa. 1942) (ruling that a plaintiff should not be required to "reassert the allegations of his statement of claim by way of a Reply" when a defendant merely reiterates in a "new matter" "the defenses which it has raised to plaintiff's claim").

We find the Ninth Circuit Court of Appeals' interpretation persuasive and in line with the spirit of our Court's prior decisions interpreting N.C.G.S. § 1A-1, Rule 8:

[B]ecause of our "general policy of proceeding to the merits of an action" . . . . when to do so would not violate the letter or spirit of our Rules, this Court has refused to adhere strictly to Rule 8(d) in the context of a plaintiff's failure to file a reply to a counterclaim in [*Eubanks v. Insurance Co.* and *Johnson v. Johnson*].

*Connor v. Royal Globe Ins. Co.*, 56 N.C. App. 1, 5, 286 S.E.2d 810, 814 (1982) citing *Johnson*, 14 N.C. App. at 43, 187 S.E.2d at 422 (approving trial court's decision to allow the plaintiff to present evidence in defense of the defendant's counterclaims and later file a reply in conformity with the evidence presented); *Eubanks v. Fire Protection Life Ins. Co.*, 44 N.C. App. 224, 229, 261 S.E.2d 28, 31 (1979) (holding that where a counterclaim "seek[s] no affirmative relief other than that which would naturally flow from successful defense to plaintiff's action[,]" no reply is required.). We hold that a plaintiff's failure to file a reply re-asserting allegations already made in the complaint in response to averments in a defendant's counterclaim which do no more than present "denials in affirmative form of the allegations of the complaint[,]" does not amount to an admission pursuant to N.C.G.S. § 1A-1, Rule 8(d). *Vevelstad*, 230 F.2d at 703.

In the case before us, Plaintiff alleged in his complaint that:

28. Plaintiff is a dependant spouse within the meaning of N.C. Gen. Stat. §50-16.1A who is actually and substantially in need of maintenance and support from the Defendant.

29. Defendant is a supporting spouse within the meaning of N.C. Gen. Stat. §50-16.1A who is capable of providing support to Plaintiff.

Defendant contended in her counterclaim that:

45. [Plaintiff] is not a dependent spouse of his marriage to [Defendant], and [Defendant] is not a supporting spouse of her marriage to [Plaintiff], as [Plaintiff] is underemployed and is

intentionally depressing his income in order to receive alimony from [Defendant]. As a result, [Plaintiff] is not entitled to post-separation support and/or alimony from [Defendant], and [Defendant] pleads this as an affirmative defense to [Plaintiff's] claims for postseparation support and/or alimony.

The trial court's order dismissing Plaintiff's alimony claim contained the following language:

## FINDINGS OF FACT

. . .

2. [Defendant's] counterclaims alleged "[Plaintiff] is not a dependent spouse of his marriage to [Defendant], and [Defendant] is not a supporting spouse to her marriage to [Plaintiff], as [Plaintiff] is underemployed and is intentionally depressing his income in order to receive alimony from [Defendant]." [Defendant's] counterclaims sought affirmative relief in the form of child custody, child support, equitable distribution of marital and divisible property, attorneys' fees and motion for a comprehensive custody evaluation.

3. [Plaintiff] failed to file a reply to [Defendant's] counterclaims as required by the North Carolina Rules of Civil Procedure.

. . .

6. Pursuant to Rule 8(d) of the North Carolina Rules of Civil Procedure, the allegations of [Defendant's] counterclaims as more particularly set forth above in finding of fact No. 2 are deemed admitted and the [c]ourt finds as a fact that [Plaintiff] is not a dependent spouse of his marriage to [Defendant], and [Defendant] is not a supporting spouse of her marriage to [Plaintiff].

Based upon the foregoing findings of fact, the [c]ourt concludes as a matter of law:

## CONCLUSIONS OF LAW

1. [Plaintiff] is not a "dependent spouse" of his marriage to [Defendant] as that term is defined in N.C.G.S. § 50-16.1A(2).

2. [Defendant] is not a "supporting spouse" of her marriage to [Plaintiff] as that term is defined in N.C.G.S. § 50-16.1A(5).

3. N.C.G.S. § 50-16.3A(a) provides in order for a party to be entitled to alimony, that party must be a "dependent spouse" and the

other party must be a "supporting spouse." Accordingly, [Plaintiff's] claim for alimony should be dismissed.

We note that "Finding of Fact" number 6 is actually a conclusion of law.

> The classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult. As a general rule, however, any determination requiring the exercise of judgment or the application of legal principles, is more properly classified a conclusion of law. Any determination reached through "logical reasoning from the evidentiary facts" is more properly classified a finding of fact.

*Matter of Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (citations omitted). We thus treat "Finding of Fact" number 6 as a conclusion of law. See *Eakes v. Eakes*, —— N.C. App. ——, ——, 669 S.E.2d 891, 897 (2008).

In reviewing the allegations in Plaintiff's complaint and Defendant's counterclaims, we find that the allegations set forth in paragraph 45 of Defendant's counterclaims, and reiterated in finding of fact number 2 in the trial court's order, are "merely denials in affirmative form of the allegations of the complaint." *Vevelstad*, 230 F.2d at 703. Because we hold that a plaintiff is not required to re-allege those allegations in a complaint that have been "denied in the affirmative" by way of a counterclaim by a defendant, the trial court erred in "deem[ing] admitted" the allegations in Defendant's counterclaim that Plaintiff was not a dependent spouse and that Defendant was not a supporting spouse. We thus reverse the trial court's order dismissing Plaintiff's alimony claim.

Reversed.

Judges STEELMAN and STEPHENS concur.